## ASHBURNER *v.* CALIFORNIA.

The statute of California, approved April 15, 1880, limiting to four years the terms of office of the commissioners required by the act of Congress of June 30, 1864, c. 184 (13 Stat. 325), "to be appointed by the executive of California," to manage the Yosemite Valley and Mariposa Big Tree Grove, is not repugnant to that act, and may be followed by him in making his appointments

ERROR to the Supreme Court of the State of California.

This is an action in the nature of a writ of *quo warranto* instituted by the State of California in the Superior Court for Sacramento County to determine the right of Ashburner to hold the office of member of the board of commissioners to " manage the Yosemite Valley and Mariposa Big Tree Grove.". The complaint charges that he, on May 1, 1880, usurped the office and has since unlawfully withheld the same and wrongfully continued to discharge the duties thereof. 'This allegation the defendant denies.

The case was submitted to the court upon an agreed statement of facts, from which it appears that in pursuance of the act of Congress, entitled " An Act authorizing a grant to the State of California of the Yosemite Valley, and the land embracing the Mariposa Big Tree Grove," approved June 30, 1864, and an act of the legislature of California, entitled " An Act to accept the grant by the United States government to the State of California of the Yosemite Valley and Big Tree Grove, and to organize the board of commissioners, and to fully empower them to carry out the objects of the grant, and fulfil the purposes of the trust," approved April 2, 1866, the governor of the State appointed the defendant one of the commissioners provided for in said acts ; and that at the time of the passage of the act of the legislature, entitled " An Act to provide for the management of the Yosemite Valley and the Mariposa Big Tree Grove," approved April 15, 1880, he was acting as such commissioner; that on April 19, 1880, after the adoption of " Senate concurrent resolution No. 20, relating to appointment of eight commissioners to manage the Yosemite Valley and the Mariposa Big Tree Grove," adopted Feb. 17, 1880, and the passage of the act of April 15, 1880, the governor, in pursuance

of said concurrent resolution and said act, and by virtue of the authority thereby conferred upon him, appointed certain persons, of whom the defendant was not one, to be such commissioners, and each of them accepted the appointment, took, subscribed, and filed an oath of office in the manner and form prescribed by law for the officers of the government of the State; that more than four years had elapsed after the appointment of the defendant and before the passage of the act of April 15, 1880; that the defendant was not reappointed as such commissioner; that each of the commissioners appointed April 19, 1880, and the board by them composed, duly demanded of the defendant that he surrender the office and cease to discharge the duties thereof; but that he refused and still refuses to comply with the demand, it having been made after the qualification of the commissioners and before the commencement of this action; that the defendant has, ever since the passage of the act of April 15, 1880, continued to discharge the duties of commissioner, and has during all that time claimed, and still claims, that he is by law entitled to be a commissioner, and a member of the board as organized and existing at the time of the passage of that act, and to exercise and discharge all the powers, authority, and duties of commissioner, and of a member of the board, — he claiming and insisting that the board and the members thereof continue to be and are such board, notwithstanding the passage of that act and the appointments made by the governor April 19, 1880.

The provisions of the act of June 30, 1864, c. 184 (13 Stat. 325), are set forth in the opinion of the court.

Sects. 1 and 5 of the statute of California approved April 15, 1880, are as follows : —

"Sect. 1. The governor of the State of California, and the eight other commissioners appointed by him in accordance with the act of Congress, entitled 'An Act authorizing a grant to the State of California of the Yosemite Valley and the Mariposa Big Tree Grove,' approved June thirteenth, eighteen hundred and sixty-four, shall constitute a board to manage such premises, and the governor shall be *ex-officio* member of the commission and president of the board. The term of office of the commissioners shall be four years : *Provided*, that the eight first appointed shall so classify themselves, that

four shall go out of office in two years, and four in four years ; and thereafter the appointments shall be made four each two years. Vacancies occurring in said commission from death, resignation, or other causes, shall be filed by appointment, by the governor, to serve for the unexpired term only."

"SECT. 5. The said commission shall, immediately after organizing, demand from the commissioners now acting, all the books, papers, and documents of any and every kind, pertaining to the business of the board, and it shall be the duty of the commissioners now acting to immediately comply with said demand."

The Superior Court rendered judgment in favor of the defendant, and that judgment having been reversed by the Supreme Court of the State, Ashburner sued out this writ of error.

*Mr. Alfred Barstow* for the plaintiff in error.

*Mr. John H. McCune* and *Mr. A. P. Catlin, contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

By the act of June 30, 1864, c. 184, the United States granted to the State of California the Yosemite Valley and the Mariposa Big Tree Grove, "with the stipulation, nevertheless, that the State shall accept this grant upon the express condition that the premises shall be held for public use, resort, and recreation, and shall be inalienable for all time ; . . . the premises to be managed by the governor of the State and eight other commissioners, to be appointed by the executive of California, who shall receive no compensation for their services." 13 Stat. 325. In 1866 the State of California, by an act of the legislature, accepted this grant " upon the conditions, reservations, and stipulations contained in the act of Congress." There cannot be a doubt that, in this way, these interesting localities were, by the joint act of the United States and California, devoted to a special public use. The title was transferred to California for the benefit of the public as a place of resort and recreation. Without the consent of Congress the property can never be put to any other use, and the State cannot part with the ownership. It may be called a trust, but only in the sense that all public property held by public corporations for public uses is a trust.

It must be kept for the use to which it was by the terms of the grant appropriated. If it shall ever be in any respect diverted from this use the United States may be called on to determine whether proceedings shall be instituted in some appropriate form to enforce the performance of the conditions contained in the act of Congress, or to vacate the grant. So long as the State keeps the property, it must abide by the stipulation, on the faith of which the transfer of title was made.

The management of the property was intrusted by the United States to the governor of the State and eight other commissioners, to be appointed by him. This is one of the conditions contained in the act of Congress to which the State gave its assent when it accepted the grant. The State cannot commit the management to any other board than this, neither can it control his discretion in making the appointments; but we see no reason why the State may not set a reasonable limitation on the time a commissioner shall hold his place when appointed. This would be really nothing more than directing that the governor revise his appointments at stated periods. He will be left free to select whom he pleases, and by reappointments to continue old incumbents in their places if so inclined. His discretion in this respect would be in no manner interfered with. This, in our opinion, is all that was done by the act of April 15, 1880. The term of the office of a commissioner was fixed at four years; but the power of appointment was left exclusively with the governor, in whom, under the Constitution, is vested the supreme executive power of the State. The length of the term is that prescribed by the Constitution for State offices, and is certainly not unreasonable.

That Congress expected the State would, by appropriate legislation, aid the commissioners in the performance of their duties, and prescribe reasonable rules and regulations, not inconsistent with the general purposes of the grant, for their government in the administration of the trust, is abundantly shown by the fact that the acceptance of the grant was considered sufficient, notwithstanding the act of the legislature by which it was done contained various provisions of such a character. Among other things, it was enacted that the commission-

ers should be known in law as " The Commissioners to manage
the Yosemite Valley and the Mariposa Big Tree Grove," and
by that name they and their successors might sue and be sued;
that they should have power to make and adopt all rules, regula-
tions, and by-laws for their own government and the government,
improvement, and preservation of the property, not inconsistent
with the Constitution of the United States or of California, or
with the act making the grant, or any law of Congress or the leg-
islature; that they should hold their first meeting at such time
and place as should be designated by the governor; that a ma-
jority should constitute a quorum for the transaction of business;
that they should appoint a president and secretary as well as a
guardian of the property, and that they should report through
the governor to the legislature at every regular session. All this
was consistent with the conditions and reservations of the grant,
and evidently in aid of what Congress intended should be done.
So, too, in our opinion, is the act of 1880. If, as is contended
here, and was held by the dissenting judge below, when the
commissioners were once appointed the power of the governor
over appointments was exhausted, until a vacancy occurred by
death or resignation, and neither he nor the legislature could
remove a commissioner for cause or otherwise, it is easy to see
that unless some provision was made to guard against the acci-
dents of disabilities incident to a life tenure of office, great
embarrassments might arise in the management of this impor-
tant property. It is entirely unnecessary to decide whether
these commissioners are State officers or State commissioners
within the meaning of those terms as used in the constitutions
of the State adopted in 1848 and 1879, and, therefore, within
the constitutional provision limiting the terms of such offices;
but we are of the opinion, and decide, that a law of the State
which limits the term of office of a commissioner under one
appointment to a reasonable time is not repugnant to the act
of Congress, and may be followed by the governor in making
his appointments. The plaintiff in error had been in office
longer than the limited period, when the governor, in the ex-
ercise of his discretion, appointed another person in his place.
Upon this appointment he should have surrendered his office.
It follows that the judgment of the court below was right.

*Judgment affirmed.*