[No. 9738.  Department One. — May 16, 1888.]

THE PEOPLE EX REL. J. BRITTON, APPELLANT, v. PARK AND OCEAN RAILROAD COMPANY ET AL., RESPONDENTS.

PURPRESTURE — DEFINITION OF. — A purpresture exists where one incloses or makes several to himself that which ought to be common to many.

GOLDEN GATE PARK — LEGAL TITLE IN SAN FRANCISCO IN TRUST FOR PUBLIC. — The title to the Golden Gate Park, under the acts of Congress and of the state cited in the opinion, is in the city and county of San Francisco, in trust for the use of the public.

ID. — RAILROAD IN PARK — WHEN NOT A NUISANCE. — A railroad unlawfully constructed in the park is a purpresture, and if it unlawfully obstructs the free passage or use in the customary manner of such park by the public, it is a nuisance, and may be abated as such by a court of equity. If it is not a nuisance, the remedy is not by the people who are not injured, but by the holder of the legal title.

ID. — NUISANCE A QUESTION OF FACT. — Whether or not an encroachment upon a public or private right is a nuisance, is a question of fact to be determined by the jury or by the court sitting as such.

ID. — DEFENDANT'S ROAD NOT A NUISANCE. — The road of the defendant, being constructed and operated so as not to obstruct the free and comfortable use in the customary manner of the park by the public, *held*, not a nuisance.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Attorney-General Marshall, Taylor & Haight*, and *P. F. C. Sander*, for Appellant.

Unlawful encroachments upon the park, such as the ones in question, are nuisances *per se*, and injunction will lie to restrain their creation or continuance. (Wood on Nuisances, 2d ed., secs. 248 et seq.; 2 Dillon on Municipal Corporations, 3d ed., sec. 660; Angell on Highways, secs. 223–226; *People* v. *Rich*, 54 Cal. 74; *Omnibus R. R. Co.* v. *Baldwin*, 57 Cal. 164; *Davis* v. *Mayor*, 14 N. Y. 506; *Commonwealth* v. *E. & R. R. Co.*, 27 Pa. St. 356; *Dickey*

v. *Tel. Co.*, 46 Me. 483; *Harrower* v. *Ritson*, 37 Barb. 301; *Mohawk etc. R. R. Co.* v. *Artcher*, 6 Paige, 87; *People* v. *Vanderbilt*, 26 N. Y. 295; 28 N. Y. 396; *Hart* v. *Mayor*, 9 Wend. 571; *Commonwealth* v. *Ruggles*, 6 Allen, 588; *Arundel* v. *McCulloch*, 10 Mass. 70; *Morton* v. *Moore*, 15 Gray, 576.) No part of the park can be diverted from the use for which it was dedicated. (2 Dillon on Municipal Corporations, 3d ed., secs. 646 et seq.; *McCullough* v. *Board of Education*, 51 Cal. 418; *Evergreen Cemetery Ass'n* v. *New Haven*, 43 Conn. 234; *Price* v. *Thompson*, 48 Mo. 361; *Commonwealth* v. *Alburger*, 1 Whart. 468; *In re Boston etc. R. R. Co.*, 53 N. Y. 574; *Jacksonville* v. *Railroad Co.*, 67 Ill. 540; *Princeville* v. *Auten*, 77 Ill. 326; *Commonwealth* v. *Rush*, 14 Pa. St. 186; *New Orleans* v. *United States*, 10 Pet. 719; *Cooper* v. *Alden*, Harr. (Mich.) 72; *State* v. *Atkinson*, 24 Vt. 448; *State* v. *Mayor*, 5 Port. 279.)

*McAllister & Bergin*, for Respondents.

The findings show that the acts complained of do not in the least interfere with the use of the park by the public, and consequently are not nuisances. (Code Civ. Proc., sec. 731; Civ. Code, sec. 3479; *Peckham* v. *Henderson*, 27 Barb. 211; *People* v. *Gutchess*, 48 Barb. 668; *Griffith* v. *McCullum*, 46 Barb. 564; *Howard* v. *Robbins*, 1 Lans. 65; *Goldsmith* v. *Jones*, 43 How. Pr. 416; *Attorney-General* v. *Evart Booming Co.*, 34 Mich. 475; *Burnham* v. *Hotchkiss*, 14 Conn. 318; *State* v. *Merrit*, 35 Conn. 317; *State of Pennsylvania* v. *Wheeling etc. Bridge Co.*, 13 How. 562; *Miss. & Mo. R. R. Co.* v. *Ward*, 2 Blackf. 494; *Escanaba Co.* v. *Chicago*, 107 U. S. 682; *Miller* v. *Mayor*, 109 U. S. 393; *Alleghany* v. *Zimmerman*, 95 Pa. St. 293; *Mayor* v. *Wright*, 6 Yerg. 500; *Attorney-General* v. *Brown*, 24 N. J. Eq. 93; *George* v. *N. P. T. Co.*, 50 Cal. 591; *Attorney-General* v. *Del. etc. R. R. Co.*, 27 N. J. Eq. 17.) The acts complained of, not constituting a nuisance, cannot

be abated as such. (*Bear River and Auburn W. & M. Co.* v. *Boles,* 24 Cal. 362.)

*William Craig,* for Intervenor.

SEARLS, C. J.—This action was brought to abate an alleged nuisance, and to procure an injunction. Defendants had judgment in the court below, from which, and from an order denying a new trial, plaintiff appeals.

The action was instituted by the attorney-general, in the name of the people of the state of California, on the relation of J. Britton, a citizen of the state, and a resident and tax-payer of the city and county of San Francisco, against the Park and Ocean Railroad Company, and the Pacific Improvement Company, — the latter defendant was, at the commencement of the action, engaged for the other defendant in the construction of the railroad sought to be condemned as a nuisance, and abated as such.

The city and county of San Francisco was permitted to intervene in the cause, and filed its complaint of intervention, in which it substantially joined with the defendant in its statement of facts, and in resisting the relief sought by the plaintiff.

Golden Gate Park is one of the public parks within the limits of the city and county of San Francisco. It extends from Stanyon Street on the east to the Pacific Ocean on the west, and is bounded on the south by H Street.

The railroad in question commences on Stanyon Street, runs south along the same a short distance, curves to the west across the southeast corner of the park to H Street; thence west along said last-named street to a point near the ocean; thence north across the park; thence across private property, to its terminus on the ocean beach, near the Cliff House, a distance in all of four miles.

The city of San Francisco, under the act of Congress

of March 3, 1851, presented its claim for confirmation of its title to the pueblo lands to the commissioners, and in due course of proceedings a decree was entered in the circuit court of the United States for the district of California, confirming the claim of the pueblo. From this decree an appeal was taken to the supreme court of the United States, pending which two acts of Congress were passed relinquishing the title of the United States to the lands described in the decree of confirmation, namely, the act of July 1, 1864 (13 U. S. Stats. at Large, 333, sec. 5), and the act of March 8,.1866 (14 U. S. Stats. at Large, p. 4).

Under the provisions of this last act of Congress, the city authorities adopted what is known as order No. 800, providing for the disposition of the lands not theretofore disposed of, the title to which was confirmed under these several acts of Congress, and this order was approved and confirmed by the act of the legislature of March 27, 1868.   (Stats. 1867–68, p. 379.)

Under the provisions of this order No. 800, Golden Gate Park was laid out and established. Under an act of the legislature, approved April 4, 1870, to provide for the improvement of public parks in the city of San Francisco, a board of park commissioners is provided for specially, to take charge of Golden Gate Park, and other parks in that act designated. Under the provisions of this act, park commissioners were appointed, and from time to time the office has been filled by the respective appointees of the governor, as provided for in the act of the legislature. Thus the title to the property, originally in the pueblo of San Francisco, stands confirmed by the decree of the United States circuit court, the acts of Congress above referred to, and the act of the legislature of this state already mentioned.

The expense of maintaining and improving the park is borne by the tax-payers of the city and county of San Francisco.

The Park and Ocean Railroad Company is a corporation organized under the laws of this state, and the road in question was constructed on the streets mentioned, by and with the consent and authority of the board of supervisors of the city and county of San Francisco, and so far as it runs through the park, by leave, consent, and authority of the park commissioners.

The authority from the former is to be found in an order or ordinance, and that from the latter is contained in what purports to be a lease for a term of three years, which is in consideration of an annual rental of one hundred dollars, and which binds the company to erect and maintain at its own expense, and at such points as the commissioners shall designate, waiting-rooms of such form and dimensions as may be specified by the latter, and to do various other things therein mentioned.

The facts are found at considerable length, and negative the theory that the railroad as constructed interferes with the use or enjoyment of the park by the public.

The complaint prays "that the embankments of earth, road-beds, railroads, and walls of masonry hereinbefore described be, by the judgment and decree of this honorable court, determined to be nuisances."

Section 3479 of the Civil Code defines a nuisance as follows: —

"Anything which is injurious to health, or is indecent or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property, or unlawfully obstructs the free passage or use, in the customary manner, of any navigable lake, or river, bay, stream, canal, or basin, or any public park, square, street, or highway, is a nuisance."

A purpresture exists where one incloses or makes several to himself that which ought to be common to many.

The title to the Golden Gate Park under the several acts cited is in the city and county of San Francisco. But it is dedicated to the use of the public. The city holds it in trust for the public use. The right of the public is to have the free use and enjoyment of the park as such.

Whatever materially interferes with and unlawfully abridges this right of the public it is their right to have corrected.

The unlawful construction of a railroad, a statue, or any building upon the park is a purpresture. But every purpresture is not a nuisance. It may or may not be a nuisance.

In the case of a park, if it *unlawfully obstructs the free passage or use in the customary manner* of such park by the public, it is a nuisance, and may be abated as such by a court of equity.

If it falls short of this, the remedy is not by the people, who are not injured, but by the holder of the legal title. (*People* v. *Davidson,* 30 Cal. 383.)

Whether or not an encroachment upon a public or private right is a nuisance is a question of fact to be determined by a jury or by a court sitting as such. (*People* v. *Davidson,* 30 Cal. 383; *Requena* v. *Los Angeles,* 45 Cal. 55; *Blanc* v. *Klumpke,* 29 Cal. 156.)

As a matter of fact, then, did the railroad of the defendant "*unlawfully obstruct the free passage or use in the customary manner*" by the public of the park?

The findings upon this point clearly negative this question. They are as follows:—

"The defendant railroad company operates its said railroad by means of steam dummies; and where the said railroad crosses the roadway which leads from said park to the ocean beach, the same crosses beneath said roadway by means of and through a tunnel or covered way, which is constructed in such a manner as in no wise to impede, obstruct or affect the free, comfortable,

and safe use of said roadway going from said park to said ocean beach.

"The road-bed of the defendant railroad company where the same passes through said park passes through a portion thereof that always has been and is now unused, with the exception of about one half acre at the southeast corner of said park, which said half-acre was, until the construction of said road, used for the purposes of a temporary nursery, which portion so covered by the road-bed of the defendant, the said railroad company, does not exceed an acre and one half of an acre; that all the lands within said park, occupied by said defendant railroad company, have always been and now are generally unfrequented by visitors to the park, except at one portion thereof, where the road leading out of said park at the northwest corner thereof goes to the ocean beach, and all of the same except said excepted portion thereof always has been and is in a state of nature; that where said railroad traverses the westerly portion of said park, the surface of the park is composed of sands, there being in some places great depressions, and in other places elevations of the same, and the same cannot now be comfortably or freely or easily used or enjoyed by reason of its sandy nature and its natural conformation; *and the construction, maintenance, and operation of said railroad, as the same is constructed, operated, and maintained in, upon, and over the same, in no wise affects or obstructs the free and comfortable use and enjoyment in the customary manner of said park, or any portion thereof, by all persons frequenting the same; that the people of the state of California have not been and are not prevented from going in safety or comfort from one part of said park to another part thereof.*"

A railroad in a public park, constructed and managed as in the case at bar, may be a nuisance, calling for the intervention of the supreme power of the state to conserve the rights of the general public; or it may be a

medium of ingress, egress, and transportation essential to the full enjoyment by the people of the privileges and blessings accorded them in the creation and dedication of such park.

We deem the findings conclusive of the case, and are of opinion they are supported by the evidence.

We say they are conclusive for the reason that if the erections complained of do not amount to a nuisance, the people cannot maintain this action, and whether or not defendant was authorized to construct and maintain its road does not concern plaintiff.

For any and all intrusions upon the park which work no injury to the public, the city and county of San Francisco, as the trustee holding the legal title, can alone maintain an action.

It may well be that if the railroad has been constructed upon its property without authority, it will elect to recover it in ejectment and hold it, as in case of a mere purpresture it may do.

At any rate, plaintiff not being vested with the title, and having no rights in the premises beyond that of seeing to it that the people are not wronged by being deprived of their rights in and to the park as such, is not in a position to obtain relief.

A number of minor points are made by appellant, but which, upon examination, we do not deem sufficient to warrant a reversal.

The judgment and order appealed from are affirmed.

McKINSTRY, J., and PATERSON, J., concurred.

Hearing in Bank denied.