UNITED STATES v. CASE LIBRARY et al.

In re CASE'S HEIRS.

(Circuit Court, N. D. Ohio, E. D. December 7, 1899.)

No. 5,943.

1. DEED—TITLE CONVEYED—CONVEYANCE TO CITY FOR STREET.

    A deed of land to a city, containing apt words to convey the fee, is not reduced to the grant of a mere easement by a recital that the land "is conveyed to said city as and for a public street of said city," or by the terms of an ordinance accepting and confirming as a public street "the dedication of the land specified" in the deed; such ordinance being required by the statute for the purpose of constituting the land a public street for the care and maintenance of which the city should be responsible.

2. SAME—QUALIFIED FEE—REVERSION.

    A declaration in a deed of land to a city that the land is conveyed "as and for a public street of said city" does not make the title conveyed a base or qualified fee, or a fee on condition subsequent, which reverts upon the termination of the use of the land for street purposes.

3. SAME—CONSTRUCTION—CONVEYANCE TO CITY.

    The fact that a city can only acquire and hold land for public uses does not prevent it from acquiring, as between it and its vendor, the absolute title to land which it is about to use for streets, so that, when such use becomes impossible, the city may alienate it for its full value or use it for other purposes, and the limitation upon the city's powers does not require that a deed to it should receive a more restricted construction as to the title conveyed than a deed between private parties.

S. D. Dodge, for the United States.

Blandin, Rice & Ginn, McKinney & Dunnigan, and Lewis J. Woods, for Case's heirs.

TAFT, Circuit Judge. The questions about to be decided arise in proceedings by the United States to condemn a public street of the city of Cleveland for post-office purposes. The land was conveyed to the city by Leonard Case "as and for a street." The heirs of Case, made parties to the proceedings, claim compensation for the fee in the street, on the ground—First, that the fee in the land never passed from their ancestor, but only an easement; and, sec-

ond, that, even if a fee passed, it reverts, on termination of the use for which it was conveyed.

My conclusions I must state most briefly, and only by way of a memorandum.

1. By the deed of Leonard Case and his wife to the city of Cleveland, dated May 18, 1859, of the land used as the street called "Case Place," a fee was vested in the city. Apt words to convey a fee are used. The recital in the granting clause, "that the parcel of land is conveyed to said city as and for a public street of the said city," cannot cut the deed down to a mere grant of an easement. It is the parcel of land which is conveyed, not a mere right in another's land. The cases of Verplanck v. Mayor, etc., 2 Edw. Ch. 220, and Kittle v. Pfeiffer, 22 Cal. 485, do not support the contention of counsel for the claimants in this behalf. In the former, the instrument relied on did not make party to it the city, but was a mere covenant between two adjoining owners that they would convey for purposes of dedication; in the latter, the deed to the city was not accepted by the city, and its operation was rather by way of estoppel in favor of abutting owners, who held under conveyances describing the property conveyed as abutting on the street attempted to be conveyed to the city by the deed in question.

Nor do I think that the effect of the deed, as a conveyance of land, is cut down by the terms of the ordinance accepting the grant. Thereby the city "accepted and confirmed, as a public street," "the dedication of the land specified in the deed from Leonard Case to the city of Cleveland, being a strip of land thirty-five feet wide," etc. This ordinance was made necessary by the law of Ohio passed March 18, 1859 (56 Ohio Laws, p. 57), which imposed upon the city council the care of all public streets, and required it to keep the same open and in repair, and free from nuisance, and thus made the city responsible in damages to one injured by its failure to comply with this requirement, but which limited such responsibility by the further provision that no street thereafter dedicated to public use by its owner should be deemed a public street under the care of the council, "unless the same shall be accepted and confirmed by an ordinance specially passed for such purpose." The object of this provision is palpable. It was to protect the city from liability for the nonrepair of alleged streets which had been dedicated to the public, and which it did not deem to be of real public benefit or worth the expense of repair. But for the statute, every dedication and conveyance for street purposes would take effect without express acceptance, because of the ordinary presumption that a conveyance of land or an interest in land confers a benefit and is accepted by the grantee. The function to be performed by the council, under this statute, is merely the expression of consent by the city to accept land for street purposes, with the responsibilities thus entailed, and it was not intended that the council should be prevented from accepting a deed of the fee for street purposes. The word "dedication," used in the statute, must apply to statutory dedications, and yet, by the words of the statute, a dedication by plat conveys a fee to the city. It can hardly be held, therefore, that the council, in

98 F.—33

using the word "dedication," found in the statute, intended to cut down the interest conveyed by the words of the deed from a fee to a mere right of user or easement. The ordinance must be construed to be merely an acceptance of the deed as it was and of the title thus conveyed.

2. Under the decision of the court of appeals for the Sixth circuit, in the case of Board of Com'rs v. Young, 8 C. C. A. 27, 59 Fed. 96, which is binding upon me, I must hold that the declaration in the deed that the grant of land was "as and for a public street of the city" does not make the fee conveyed a base or qualified fee, or conditional fee (as it is sometimes called), or a fee upon condition subsequent; and, further, that no termination of the use will cause the land to revert to the grantors. It is true that the street is held in trust by the city, as all streets are, for the use of the public and the abutters; but the defeat of the use is to be remedied by proceedings on behalf of the abutters or the public, not by forfeiture or reverter of the title to the original grantor. If the use becomes impossible or illegal, the city holds the land to such other uses as its charter powers will permit it to hold land. The abutters, in case of condemnation of the street, would doubtless be entitled to compensation, but, as these proceedings involve the appropriation of the only abutter's property, the price paid for his land will include the value of the appurtenant right of ingress and egress on Case Place.

The city's measure of recovery is not before me. It has been agreed on, and I am not called on to fix it. It is sufficient to hold that all right of Leonard Case and his heirs in the strip of land passed out of them by virtue of the deed, and they retained no possibility of reverter. This was the holding in the Young Case, and I do not see how it is to be distinguished from this. There was a common-law dedication of a cemetery, followed by an invalid law of the state attempting to vest the fee in the village of Youngstown for the use of a cemetery, to enable it to maintain trespass, followed by a quitclaim deed of the heirs of the dedicator, conveying the land to be held in conformity with the invalid law, to wit, for the use of a cemetery. It was held that the village took a fee simple absolute, and that the qualification as to use only and possibly created a trust in the grantee, enforceable by the public; that it was not either a qualified fee or an estate upon condition; and that, even if it were the latter, the condition had become impossible of performance by reason of a lawful village ordinance forbidding the use of the land for a cemetery, and so the estate was freed from the condition, and became absolute in the village.

In this case we have a deed in fee of land for use as a street, and the use has become impossible, because, by act of congress, the land on which the street is has been appropriated for the use of the United States. An attempt is made to distinguish this case on the ground that the deed in the Young Case was for a valuable consideration, while here this deed is said to be a voluntary conveyance. The evidence does not bear out the claim that this deed was a deed of gift. The recital of the consideration is, "in consideration of one

dollar and divers other considerations received, to our full satisfaction of the city of Cleveland." It appears that, upon the same day upon which the deed was accepted by the city council by the ordinance already referred to, the city council passed an ordinance granting to William Case and Leonard Case, Jr., "in consideration of the conveyance to said city by Leonard Case, by a deed dated May 18, 1859, of a parcel of land lying east of the post office, and between Superior and Rockwell streets, which land is to be hereafter used as a street," the right to use such portion of the sidewalks on Superior, Wood, and Rockwell streets, and the land conveyed in the deed above described, as may be necessary for the pilasters, areas, and balconies for a block of buildings about to be erected by them on the vacant lot next east of the United States buildings. This shows a valuable consideration for the deed.

The cases of Board of Education v. Edson, 18 Ohio St. 221, and Gall v. City of Cincinnati, Id. 563, are cited to show that, in Ohio, such a deed as this passes a conditional or base fee, which reverts upon the termination of the use. The remark relied on in Gall v. City of Cincinnati is obiter, and is not necessary to the decision. The decision in the Edson Case was upon the effect of the termination of the use under a statutory dedication. In the Young Case the court of appeals consider the Edson Case, and hold that its application is only to statutory dedications, and not to ordinary deeds. The case before us is that of an ordinary deed, and not of a statutory dedication. The effect of the ruling by the court of appeals in the Young Case is accentuated by the decision of the circuit court, which the court of appeals reversed, and which held that the deed in that case did, under the Edson Case and other Ohio decisions, operate to convey a base fee, which reverted on the termination of the use for which it purported to be made.

It is suggested that the declaration of a use for a street, in a deed of land, should be given some different effect from that for a cemetery or a school house or a church. No such distinction can be built up on the language or ratio decidendi of the Young Case. The distinction there made was between statutory dedications and ordinary conveyances by deed, like the one at bar, for a public use. If the Young Case is to be qualified in this regard, it must be qualified by the court which rendered it or the supreme court.

Another suggestion is that the limitations of the city's powers, as a corporation, to hold land for certain purposes, require that, in construing such a deed as this, the court should limit its operation to the duration of the use for which the city really acquired it. This position is not tenable. The city, it is conceded, may acquire, by deed, title to land, in order to use it for streets. This does not prevent the city from acquiring, as between it and its vendor, the absolute title to the lands which it may be about to use for streets, so that, when the use becomes impossible, the city may alienate it for its full value, or use it for any proper corporate purpose. The result is that the heirs of Leonard Case have no interest, or possibility of reverter, in the premises known as "Case Place," and that a verdict must be directed accordingly.