UNITED STATES v. HODGES et ux.

(District Court, D. Montana. November 13, 1914.)

No. 39.

1. WOODS AND FORESTS (§ 8*)—SUIT TO ENJOIN TRESPASS ON FOREST RESERVATION—JURISDICTION.

The United States may maintain a suit in equity for an interlocutory mandatory injunction and a final decree of abatement to restrain continuous trespass and waste upon public land which has been withdrawn from sale and devoted to governmental use in connection with a forest reservation.

[Ed. Note.—For other cases, see Woods and Forests, Dec. Dig. § 8.*]

2. WOODS AND FORESTS (§ 8*) — FOREST RESERVATIONS — TEMPORARY WITHDRAWAL FROM SALE—VALIDITY.

Although a withdrawal of public land from sale by the Secretary of the Interior for public use in connection with a forest reservation was unauthorized at the time, it is validated by the continued recognition of the withdrawal and use of the land since Act June 25, 1910, c. 421, § 1, 36 Stat. 847 (Comp. St. 1913, § 4523), which expressly authorizes such withdrawals by the President.

[Ed. Note.—For other cases, see Woods and Forests, Dec. Dig. § 8.*]

In Equity. Suit by the United States against Homer Hodges and Mrs. Homer Hodges. Decree for complainant.

Burton K. Wheeler, U. S. Attorney, of Butte, Mont., and Homer G. Murphy, Asst. U. S. Atty., of Helena, Mont.

Chas. A. Spaulding, of Helena, Mont., and W. E. Keeley, of Deer Lodge, Mont., for defendants.

BOURQUIN, District Judge. This is a suit for a mandatory injunction restraining defendants from interference with plaintiff's occupancy and use of certain lands and tenements, from grazing stock thereon that consume and destroy grass, plants, and trees there growing, and from occupying the same. The answer denies the equity of the bill, and alleges plaintiff has an adequate remedy at law in ejectment. By consent an injunction pendente lite issued, restraining defendants from grazing stock upon the premises. Final hearing has been had.

It appears that in 1908 the Secretary of the Interior withdrew said lands from the public domain and devoted them to administrative uses in connection with an adjacent national forest. Buildings and fences were erected by plaintiff, the premises occupied by the forestry service, and a small tree seedling nursery established. In 1913 the ranger in occupancy without authority transferred possession of the premises to defendants with a view to lease. No lease was entered into. Defendants, when requested to vacate, refused, and continued to occupy the lands and tenements and to graze stock thereon, to some injury to and destruction of the seedling trees. They claim right to enter the lands under the public land laws as a homestead.

[1] It is probable that the continuous trespass, grazing, and destruction of the seedling trees, in the nature of waste, is so far irreparable injury that injunction lies, and that upon familiar principles of equity jurisdiction so attaching would be retained to determine the entire controversy and grant full relief, though in part of legal rights and remedies. Be that as it may, other and perhaps clearer grounds of equity jurisdiction appear warranting the relief sought. The premises involved were devoted to governmental uses and administrative purposes in connection with a national forest, and are still desired and so necessary therefore. They were of common or public use and resort, and of right should be of unobstructed public service and access at all times. Any encroachment upon or appropriation of such public instrumentalities by or to private uses is both a purpresture and a public nuisance. Clearly the government will not in such cases be held to the slow process of proceeding at law, the trespasser in possession pendente lite, but may summarily abate by all necessary force the invasion of its sovereignty and proprietorship, or may resort to equity for its suppression by an interlocutory mandatory injunction and a final decree of abatement. Story, Eq. Jurisdiction, § 921 et seq. See 29 Cyc. 1179, 1219; 32 Cyc. 1271; U. S. v. Brighton Ranche Co. (C. C.) 26 Fed. 218.

In respect to the Secretary's withdrawal of the lands, defendants, neither alleging nor proving they are qualified to enter them, cannot question it. They appear as trespassers, against whom plaintiff is entitled to all the rights and remedies of a sovereign, and also to those of any owner under like circumstances. See Light v. U. S., 220 U. S. 536, 31 Sup. Ct. 485, 55 L. Ed. 570.

[2] However, if the withdrawal, when made in 1908, was a nullity for want of authority, such authority was expressly conferred upon the President by Act June 25, 1910, c. 421, 36 Stat. 847 (Comp. St. 1913, § 4523). And the continuous recognition and maintenance

of the withdrawal by the departments administering the public domain as the representatives of the President, and presumably by his direction, in legal effect rendered it valid by renewal or ratification on and after the date of said act, even as though then expressly renewed or made.

Decree for abatement, with costs, will be entered.