CHARLES W. NEIL, Respondent, v. KANSAS CITY, MISSOURI, and A. E. GALLAGHER and JAMES WALLACE, Present Members of the BOARD OF PUBLIC WORKS OF KANSAS CITY, MISSOURI, Appellants.

Kansas City Court of Appeals, July 3, 1916.

1. INJUNCTIONS: Municipal Corporations: Use of Property Purchased by a City.
   This action was brought by the plaintiff, a taxpayer, to enjoin the defendants from maintaining a garage for police automobiles on land purchased by it in fee simple for a public market. The trial court merely enjoined the defendant from using it for other than market purposes, and defendants appealed. *Held*, that the writ should have been denied as the agreed facts dis-

close no effort or purpose of the city to use the market house in a manner to infringe upon or impair the special public use which the proceeds of the bonds were intended to serve.

2. ———: ———: ———. The purpose the city has in making a purchase of land cannot be invoked to limit or qualify the estate granted which, as stated, was a fee simple estate.

Appeal from Jackson Circuit Court.—*Hon. Thos. J. Seehorn*, Judge.

REVERSED.

*A. F. Evans, B. N. Mosman* and *J. C. Petherbridge* for appellants.

*E. E. Hairgrove* and *T. J. Hairgrove* for respondent.

JOHNSON, J.—This is an action in equity brought by a resident taxpayer to enjoin defendant city from maintaining a garage for police automobiles on land purchased by defendant in fee simple and used for a public market. The garage which was being built in the market house when the temporary writ was issued, and since then has been completed, may be readily adapted to market uses and the permanent writ which the court, at the conclusion of the final hearing adjudged should be issued, merely enjoined defendant from using it for other than market purposes.

The following facts appear in an agreed statement of the parties: In 1903, defendant, a city with a population of more than 100,000 and less than 300,000, passed an ordinance to submit to the voters at a special election a proposal to issue bonds in the sum of $250,000, "for the purchase of sites for market houses and for the construction, equipment, improvement, extension and enlargement of market houses." The proposal was adopted by the voters, the bonds were issued and sold and part of the proceeds was expended in purchase of land on the north side of Fourth street, across from the old market house. Deeds were executed to the city by the grantors of the various lots so purchased which

conveyed the fee simple title without reservation or restriction. A suitable market house or shed was built on the land and when completed was opened to the public as a market. The structure for the police garage which is in that building faces Fourth street, is across from the headquarters of the police department in the city hall, has a frontage of 39 feet and a depth of 48 feet and covers an area of 1/30th the total area of the market house. It is agreed that its use as a garage is intended to be only temporary, that such use will not "impair the remainder of the market grounds for market purposes, nor will it in any wise impair said building or mar its beauty or be unattractive or dangerous." That it will not infringe upon the full enjoyment of market rights and privileges by the public and that the temporary occupation of the room as a garage will save the city and, of course, the taxpayers, from $150 to $200 per month in expenses which would be incurred for the rent of less convenient quarters.

Passing other questions, we hold the writ should have been denied for the reason that the agreed facts disclose no effort or purpose of the city to use the market house in a manner to infringe upon or impair the special public use which the proceeds of the bonds were intended to serve.

We are not dealing with the construction of a restriction, limitation or condition in a deed, or dedication conveying land to a municipality for a special use. Defendant bought this land unconditionally and at any time before devoting it to the special use for which the funds employed in its purchase were provided, had the same proprietary rights over it as a private purchaser would have had. The purpose the city had in making the purchase could not be invoked to limit or qualify the estate granted which, as stated, was a fee simple estate. [Goll v. City, 18 Ohio St. 563; Hand v. St. Louis, 158 Mo. 204.]

It may be conceded, for argument, that after the property had been devoted to the special use of a public market the city could not divert it in whole or in part to any other use which would be inconsistent with or

detrimental to the one for which the people had voted that bonds should be issued and sold. We held in Pickett v. Mercer, 106 Mo. App. 689, that land bought for a public park with money voted by the taxpayers for that express purpose could not be turned into a public street since such use would be repugnant to the will of the people as formally expressed. This is not that kind of a case. Looking to the future growth of the market, defendant provided a larger establishment than the present demands of the special use required, and we perceive no good reason for the idea that a temporary use of an insignificant part of the property for a municipal purpose not inconsistent with, or detrimental to, the exercise and enjoyment by the public of full market rights and privileges would constitute a misuse of the property, or be in excess of the proprietary rights the city acquired through the purchase of a fee simple estate. This view is in harmony with the current of authority as will appear by reference to the following cases: Reed v. Board of Education, 73 Mo. 295; Codman v. Crocker, 203 Mass. 146; French v. Quincy, 3 Allen (Mass.) 9; Spaulding v. Lowell, 23 Pick. (Mass.) 71; City of Manhattan v. Hessin, 81 Kans. 153; Allegheny v. Railway Co., 26 Pa. 355; People ex rel. Britton v. Railway Co., 76 Cal. 156; Philadelphia v. McManes, 175 Pa. St. 28; Green County v. Huff, 91 Ind. 333; Spires v. Los Angeles, 150 Cal. 64; East Chicago Co. v. East Chicago, 171 Ind. 654; Ft. Wayne v. Lake Shore Ry. Co., 132 Ind. 558; Huff v. Macon, 117 Ga. 428; Halbut v. Forest City, 34 Ark. 246; Jacksonville v. Ledwith, 26 Fla. 163; Newman v. Ashe, 9 Bax. (Tenn.) 380; U. S. v. Case Library, 98 Fed. 512 (affirmed in 104 Fed. 711.)

The judgment is reversed. All concur.