STATE, EX REL. BROWNELL BUILDING COMPANY, APPELLANT, v. ROBERT L. COCHRAN ET AL., APPELLEES.

FILED OCTOBER 26, 1925. No. 24685.

1. **States: CONTRACTS.** Executive state officers have no general authority to enter into executory contracts thereby binding the

State, ex rel. Brownell Bldg. Co., v. Cochran.

state, and the state is not bound by contracts made by them in excess of their authority.

2. **Estoppel.** Upon the record presented, the plea of estoppel is not available to relator.

APPEAL from the district court for Lancaster county: MASON WHEELER, JUDGE. *Affirmed.*

*T. F. A. Williams* and *Homer L. Kyle,* for appellant.

*O. S. Spillman, Attorney General,* and *George W. Ayres, contra.*

Heard before MORRISSEY, C. J., DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

MORRISSEY, C. J.

This is a proceeding in mandamus brought by the Brownell Building Company against the following officers of the state, viz.: Secretary of department of public works, secretary of department of finance, secretary of state, governor, auditor of public accounts, and treasurer, praying a peremptory writ against each respondent, the purpose of which is to require each respondent to perform the acts required under the laws of the state to be done by each so that a voucher in the sum of $350 should be issued and paid by the state to the relator in payment of the rental alleged to be due relator from the state under a purported lease executed August 27, 1920, by the department of public works and relator's assignor, covering the fourth floor of an office building situated in the city of Lincoln, and known as the Brownell building.

After alleging the official position of each respondent, relator alleged that the legislature of 1919 provided for the erection, on the site of the then capitol, of a new capitol; and that the same legislature authorized the secretary of the department of public works to establish and maintain, at places other than the seat of government, branch offices for the conduct of any one or more functions of the office (Comp. St. 1922, sec. 7253) ; and alleged that the then secretary of the department of public works, with the knowl-

edge and approval of the governor, on August 27, 1920, entered into a lease and contract in writing with the then owner of the Brownell building by which the state agreed to lease, and did lease, from the owner of the building, a part of that building for the term beginning November 1, 1920, and expiring November 1, 1925, with the option to the lessee to extend the term either one or two years thereafter. There is the proper allegation of present ownership of the building and cause of action in relator and an allegation that the terms of the lease have been fully performed by relator. Furthermore, that, in compliance with the lease, relator expended approximately the sum of $3,000 in remodeling the building to meet the requirements of the lease; that the state, through its department of public works, entered into the possession of the premises November 1, 1920, and occupied the same until on or about January 1, 1925, paying the rent agreed upon each month, when, without consent of the relator, it vacated the premises, and that at the time of the suing out of this writ the rental for the month of January, 1925, was due and owing, but payment had been refused.

The execution of the lease, a copy of which is set out and attached to relator's petition, is not denied, and, indeed, we find little, if any, dispute as to the facts. The questions that confront us are questions of law. The attorney general suggests that relator has mistaken his remedy; that he has a plain and adequate remedy at law, and mandamus will not lie. Because of the unusual situation presented, it seems advisable to forego a discussion of this question. All parties are desirous of having a decision on the merits, as there is in dispute, not only the claim for the rental for the month of January, but a claim for rental for the unexpired term of the lease, to wit, ten months. Because of the conclusions we have reached, we shall not determine the question of procedure which has been raised, but will consider the more important question, which is: Does the lease pleaded constitute a legal and binding obligation against the state? For the same reason that we refrain from a

discussion of the matters of procedure, we refrain from a discussion of the objections raised to the form of the lease, which in the opening paragraph appears to have been made by the owner of the building and "State Department of Public Works, by George E. Johnson, Secretary," but is signed merely by the lessor of the building and by "George E. Johnson," as lessee, and, although extending for a period of more than one year, bears no acknowledgement.

The trial court found in favor of respondents, and relator has appealed.

A number of errors are assigned, but it is not necessary to take them up seriatim. The burden is upon relator to show itself entitled to the relief prayed. In order to sustain this burden, it must show a valid and binding obligation upon the part of the state. In other words, it must sustain proposition three of its own brief, namely, "Secretary Johnson was lawfully authorized to make the lease, and it is binding upon the state." In support of this statement, appellant cites sections 7244, 7252, 7253, and 7266, Comp. St. 1922, and a number of decisions. The first section merely creates the office which Johnson filled and confers upon the incumbent authority to discharge the duties which may be vested in him by law; the second section cited authorizes the secretary to prescribe rules and regulations for the government of his department, etc. Section 7253 reads as follows: "Each department shall maintain a central office in the capitol at Lincoln, Nebraska, in rooms provided therefor. The secretary of each department may, in his discretion and with the approval of the governor, establish and maintain, at places other than the seat of government, branch offices for the conduct of any one or more functions of his department."

The building for the rental of which this action is brought was not used as a branch office, and, during the term of its occupancy, it was the main office of the department of public works, which, in disregard of the first sentence of the section, was removed from the capitol building and maintained in the building of relator. The last section cited,

7266, merely gave each department control of the business falling to it under the statute. It is clear that these sections of the statute conferred no authority upon Johnson or any other state officer to execute the lease, and the judicial citations do not apply to the facts of this case.

In the brief of respondents it is said that the secretary of the department had no authority to execute a lease beyond his term of office. We feel impelled to say that in the absence of an emergency, and no emergency is shown in this record, he had no authority to execute the lease for any period of time. In connection with the subject of an emergency, it may be said that the only claim of emergency is that, at the time of the execution of the lease, the department of public works was occupying the rooms in the capitol building which, whenever the legislature was in session, were used by the legislature; that the legislature would convene early in January following the making of the lease; that by an act of the legislature of 1919 provision had been made whereby, in the course of time, the then capitol building would be removed and a new building erected upon the same site. But the old building had not been removed. Proof that the legislature was about to convene and occupy the rooms then occupied by the department of public works is sufficient proof that the old building still stood. The statute (Comp. St. 1922, sec. 7253) required the secretary of the department of public works to maintain his office in the state capitol, and the mere fact that the capitol was crowded and commodious office rooms were not available, and that in the judgment of the secretary, or even in the judgment of the governor, his superior officer, it was desirable to procure more spacious rooms outside the capitol building, is not sufficient to vest these officers with power to enter into the contract in suit and thereby create a legal liability against the state. Such officers have no general authority to contract in behalf of the state and the state will not be bound by their contracts in excess of the authority conferred by law. 36 Cyc. 872, 873.

The doctrine of estoppel is invoked, but under the facts

disclosed it is not available to relator. Were the state seeking to recover back the money paid as rental, perhaps it might be said that, having enjoyed the benefits, it would be estopped from recovering back the rental paid, but such situation is not presented, and the state cannot by estoppel become bound by the unauthorized contract of its officer. 36 Cyc. 873.

The judgment of the district court is

AFFIRMED.

Note—See States, 36 Cyc. 873.