STATE, on the Relation of FRANK L. STEPHAN, Attorney General, and DAVID BURRELL, Commissioner of Public Welfare, Respondent, v. W. H. TAYLOR, Appellant.

[256 Pac. 953.]

NUISANCE — EQUITABLE ACTION TO ABATE — WOODS AND FORESTS — OCCUPATION BY LESSEE, PUBLIC NUISANCE—ESTOPPEL.

1. Rule that court has no jurisdiction in equity action to try title or right of possession and dispossesses defendant by mandatory injunction, there being speedy and adequate remedy at law, obtaining where action primarily seeks to adjudicate title or right of possession, does not apply when object of action is to abate a public nuisance, such as infringement of or encroachment on the exercise of a public use of property to which it is dedicated.

2. Occupation by lessee, under lease from the state for private use of part of hot springs property, granted by Congress to the state to be held by it for public use under such regulations as it may prescribe, he inclosing the leased premises and occupying them to the exclusion of the general public, is an encroachment on public property, constituting a purpresture and public nuisance, the state having no power to give him license to limit or restrict the use to which the property had been dedicated by the grant, so that the lease is void.

3. Estoppel can lie against the state only in its proprietary capacity, and not as sovereign holding title in trust, so that it is not estopped to deny validity of lease which it gave in contravention of limitations imposed by grant of the property by Congress to it to hold for public use.

Publisher's Note.

1.  See 20 R. C. L. 475.

3.  See 10 R. C. L. 704.

See Equity, 21 C. J., sec. 39, p. 63, n. 58.

Estoppel, 21 C. J., sec. 190, p. 1186, n. 79.

Nuisances, 29 Cyc., p. 1179, n. 86, p. 1219, n. 21, p. 1220, n. 22.

Purpresture, 32 Cyc., p. 1271, n. 71.

Woods and Forests, 40 Cyc., p. 2798, n. 45 New.

APPEAL from the District Court of the Fifth Judicial District, for Bannock County. Hon. B. S. Varian, Judge.

Action to abate public nuisance and for injunction restraining continuance thereof. Judgment for plaintiff. *Affirmed.*

Bothwell & Chapman, for Appellant.

The possession and use of property under claim of right does not constitute a public nuisance which can be abated by injunction. (*United States v. Debs,* 64 Fed. 724, 740; C. S., secs. 2911, 6420, 6421, 6427; *City of Bellevue v. Daily,* 14 Ida. 545, 94 Pac. 1036; Laws 1913, p. 156; Laws 1917, p. 231; Laws 1923, p. 18.)

The grant does not prohibit a lease to a private party. (Act of June 13, 1902, 33 Stat. 330; Laws 1909, p. 67; Laws 1913, p. 155 et seq.; Laws 1917, p. 231; Laws 1923, p. 18; C. S., sec. 2911.)

The state land board has power to delegate the duty of performing executive acts in connection with its power to lease state lands. (Const., art. 9, secs. 7 and 8; C. S., secs. 2869, 2911.)

The respondent is now estopped to question the validity of the lease. (21 C. J. 1187, 1215; *Chicago, St. P. M. & O. Ry. Co. v. Douglas County,* 134 Wis. 197, 114 N. W. 511, 14 L. R. A., N. S., 1074; *United States v. Stinson,* 125 Fed. 907, 60 C. C. A. 615; *United States v. Willamette etc. Co.,* 54 Fed. 807; 10 R. C. L., p. 704; *State v. Twin Falls etc. Water Co.,* 30 Ida. 41, 166 Pac. 220.)

The notice to vacate is without authority and has no effect. (C. S., secs. 1290, 1291 (Laws 1919, p. 108), 2869; Const., art. 9, secs. 7 and 8.)

Frank L. Stephan, Attorney General, and John W. Cramer, Assistant Attorney General, for Respondent.

A purpresture may be defined as an encroachment upon or appropriation of lands or waters, or rights or easements

therein, which belong to the public. (Joyce on Nuisances, sec. 59, p. 97.)

The acts of the appellant constitute a purpresture. (Joyce on Nuisances, sec. 59, p. 97; *United States v. Debs,* 64 Fed. 724; 20 R. C. L. 386; *Revell v. People,* 177 Ill. 468, 69 Am. St. 257, and note, 52 N. E. 1052, 43 L. R. A. 790; *People v. Park etc. Co.,* 76 Cal. 156, 18 Pac. 141; *Attorney General v. Evart Booming Co.,* 34 Mich. 462; Wood on Nuisances, p. 83.)

By the weight of authority a purpresture is a public nuisance *per se.* (*Wessinger v. Mische,* 71 Or. 239, 142 Pac. 612; *Revell v. People,* 177 Ill. 468, 69 Am. St. 257 and note, 52 N. E. 1052, 43 L. R. A. 790; *State v. Goodnight,* 70 Tex. 682, 11 S. W. 119; *City of Llano v. Llano County,* 5 Tex. Civ. App. 132, 23 S. W. 1008; *United States v. Hodges,* 218 Fed. 87; *State v. Edens,* 85 N. C. 522; 1 Wood, Nuisances, 3d ed., secs. 81, 248, 250, 254.)

When a purpresture is coupled with annoyance or inconvenience to the enjoyment or use to which public property is dedicated it may always be abated as a public nuisance by a court of equity. (*People v. Park etc. Co.,* 76 Cal. 156, 18 Pac. 141; *People v. Vanderbilt,* 28 N. Y. 396, 84 Am. Dec. 351, 25 How. Pr. 139.)

Respondent is entitled to have the nuisance abated and a permanent injunction issue. (C. S., secs. 6431, 6769; Joyce on Nuisances, 261; *City of Llano v. Llano County, supra; United States v. Hodges, supra.*)

Should the state permit a portion of the grant to be inclosed for exclusive private enjoyment it would result in a forfeiture of the grant. (*Asburner v. People of California,* 103 U. S. 575, 26 L. ed. 415.)

The doctrine of estoppel does not apply when the state is acting in its sovereign capacity. (*State v. Twin Falls etc. Co., supra.*)

Nor can the state be estopped by the illegal or unauthorized acts of its officers or agents even though benefits have accrued and been accepted. .(*Eastman Oil Mills v. State,* 130 Miss. 63, 93 So. 484; *State v. Cochran,* 113 Neb. 846,

205 N. W. 568; *Cramer v. United States,* 261 U. S. 219, 43 Sup. Ct. 342, 67 L. ed. 622; *Pine River Logging Co. v. United States,* 186 U. S. 279, 22 Sup. Ct. 920, 46 L. ed. 1164; 21 C. J. 1192.)

T. BAILEY LEE, J.—This was an action brought by the state at the relation of the Attorney General and the Commissioner of Public Welfare to abate an alleged purpresture or public nuisance maintained by the defendant.

It was claimed by the state that the defendant, claiming the right to do so, had entered upon certain property granted the state for public use by the national Congress, known as the Lava Hot Springs, inclosing a part thereof, and maintaining a residence in buildings by him erected thereon; that his occupation was without right, interfering with plaintiff's endeavor and duty, as trustee of such property, to improve and beautify the same for the benefit and enjoyment of the general public.

The defendant answered, admitting his use and occupation as alleged, but plead that he held the premises under a valid and subsisting lease executed under the authority of the state board of land commissioners to one Bell Weant, on June 14, 1917, and by her assigned to him on July 25, 1918; and he denied that his occupation interfered in any manner with plaintiff's operations.

The cause was heard by the court upon a stipulation of facts, with the result that the court found defendant's use and occupation to be a public nuisance unlawfully maintained under a void lease. Decree was accordingly entered in plaintiff's favor, perpetually enjoining defendant from further occupation, and directing him to remove within thirty days all fences, buildings and other obstructions by him claimed or used on the premises.

[1] Defendant has appealed, claiming, first, that the court had no jurisdiction in an equity action to try title or right of possession, and dispossess defendant by mandatory injunction; there being a speedy and adequate remedy at law. This is undoubtedly the rule where the action primarily seeks to adjudicate title or right of possession. It

does not apply when the object of the action is to abate a public nuisance such as the infringement of or encroachment upon the exercise of a public right or use. Wood on Nuisances, 2d ed., sec. 782; *People v. Park etc. Co.,* 76 Cal. 156, 18 Pac. 141; *United States v. Hodges,* 218 Fed. 87, where the court said:

"The premises involved were devoted to governmental uses and administrative purposes in connection with a national forest, and are still desired and so necessary therefor. They were of common or public use or resort, and of right should be of unobstructed public service and access at all times. Any encroachment upon or appropriation of such public instrumentalities by or to private uses is both a purpresture and a public nuisance. Clearly the government will not in such cases be held to the slow process of proceeding at law, the trespasser in possession *pendente lite,* but may summarily abate by all necessary force the invasion of its sovereignty and proprietorship, or may resort to equity for its suppression by an interlocutory injunction and a final decree of abatement. (See 29 Cyc. 1179, 1219; 32 Cyc. 1271; *United States v. Brighton Ranche Co.* (C. C.), 26 Fed. 218.)"

When property is dedicated to the public use for certain purposes, it cannot be used in a manner foreign to its dedication; and any encroachment thereon or use which is inconsistent with such purposes will constitute a nuisance which may be enjoined. (Joyce on Nuisances, 261; *City of Llano v. Llano County,* 5 Tex. Civ. App. 132, 23 S. W. 1008; *United States v. Hodges, supra; People v. Park etc. Co., supra.*)

[2] The court found that defendant's occupation was an encroachment upon public property and constituted a purpresture and public nuisance. Whether or not defendant's occupation was such, depended directly upon the effect of that occupation. If his occupation of the premises segregated any part of them from the use to which they had been dedicated by the congressional grant, it was a trespass and unlawful, no matter how peaceful or in good

faith acquired. The state itself could give him no license to limit or restrict the use declared. That he was so restricting the use, is established by his frank admission that he had inclosed the premises and was occupying them to the exclusion of the general public, and intended to do so until 1932. From the stipulated facts, it appears that the Lava Hot Springs property was granted the state of Idaho by act of Congress, approved June 13, 1903, "to be held by such state for public use under such regulations as said state may prescribe"; that the state from year to year has been developing the mineral springs thereon, constructing bath-houses, sanitariums, parks, drives, landscape gardens and other improvements for the public use and enjoyment; that at·the time of the institution of this action the state was further improving said premises by "landscaping, seeding of grass and planting of trees, parkings, building of roads and walks, and laying out and constructing tourist park facilities and recreational grounds"; that the state commissioner of public welfare has demanded in writing that defendant cease to occupy the premises in question, and that defendant refuses to do so.

It is contended that the grant by its provision, "under such regulations as said state may prescribe," authorizes the state to lease or make other disposition of the property, so long as no final divestment is had and returns are devoted to preserving and improving the property with a view to accomplishing the purposes of its dedication.

We think this proposition is sound. But, here, the entire property is dedicated to public use; and, while it is true that the rentals paid by private lessees are disbursed for the improvement· of the part remaining unleased, it is apparent that the public is prevented from enjoying the territory leased. Such a policy, if extended, would increasingly restrict the public's use and occupation, and block the state's scheme of uniform development. The grant cannot be said to have contemplated private leasing for a monetary consideration. The construction of private buildings and inclosing fences thereafter to be removed.at the expira-

tion of the owner's term can confer no benefit upon the state, but on the contrary, leaves unsightly plots in the midst of parked and improved areas, which will require public expenditure to harmonize them with improved surroundings.

[3] It would, therefore, seem conclusive that defendant's lease executed in direct contravention of the grant's imposed limitations is null and void; and that defendant can claim no right thereunder. He insists that the state having accepted payments under the lease is estopped to deny its validity. But, here, the state stands as a sovereign holding title in trust for the public, a trust that may be revoked by the national government the moment the rights of the *cestuis que trustent* are permittedly encroached upon. (*Asburner v. People of California,* 103 U. S. 575, 26 L. ed. 415.) No estoppel can lie against the state save in its proprietary capacity. (*State v. Twin Falls etc. Co.,* 30 Ida. 41, 166 Pac. 220; *State v. Cochran,* 113 Neb. 846, 205 N. W. 568; 21 C. J. 1191.)

Judgment affirmed. Costs to respondent.

Wm. E. Lee, C. J., and Budge, Givens and Taylor, JJ., concur.