JOHN REYNOLDS, Deceased, Peter C. Finn, Thomas Finn, and Anna Johnson, Substituted Plaintiffs, Appellants, v. WESTERN SECURITIES COMPANY, J. A. WAKEFIELD and CANDANCE WAKEFIELD, Appellees.

Taxation: NOTICE TO REDEEM: PERSON IN POSSESSION: EVIDENCE. In this action to redeem real property from a sale for taxes the evidence is held insufficient to show that plaintiff was in such possession of the property, which he inherited 'from his father and which had been taxed in the name of another for many years, as to require service of notice to redeem upon him.

*Appeal from Polk District Court.*—HON. LAWRENCE DE GRAFF, Judge.

THURSDAY, MARCH 20, 1913.

THIS is an action to redeem real estate from a sale for taxes under the provision of section 1440 of the Code. There was a decree dismissing the petition, and the plaintiffs appealed.—*Affirmed.*

*A. L. Steele,* for appellants.

*Frank H. Dewey, C. F. Clark* and *H. H. Griffiths,* for appellees.

EVANS, J.—John Reynolds, as plaintiff, brought this action. Since the beginning thereof he has died, and his heirs have been substituted as plaintiffs. For the purpose of the discussion we shall refer to him as the plaintiff. The plain-

tiff was a bachelor. For nearly fifty years he owned, or supposed he owned, a house and lot in South Des Moines. Whatever title he had was cast upon him by inheritance from his father. For most of that time he occupied the premises in connection with other members of his family. For several years last past, and prior to the execution of the tax deed, it had been occupied by his married half-sister and her family. Reynolds visited there frequently, and helped the family more or less about the place; but he boarded and lodged at another place. In December, 1905, the property was sold for taxes; and in October, 1909, the defendant Western Securities Company obtained a tax deed thereon, in pursuance of such sale and notices of expiration duly served.

The one ground of attack which is made by plaintiff upon the legal validity of the tax deed is that it was issued without notice to him. He contends that he was in possession, both at the time of the tax sale and at the time of serving of the notices of expiration, and that the tax deed was therefore improperly issued for want of notice to him as a party in possession. The trial court reached the conclusion that the plaintiff was not in possession, and was not, therefore, entitled to notice under the statute. The trial court deemed the result regrettable, and expressed some unwillingness in relation thereto. We have given the evidence our best consideration, and likewise reach the conclusion with considerable reluctance that the finding must be adverse to the plaintiff at this point. The case of *Rowland v. Brown*, 75 Iowa, 679, is quite controlling at this point. If the plaintiff could escape from this net, it is doubtful whether he has made sufficient proof of title to satisfy the requirements of section 1445 of the Code. The result is that the Western Securities Company, defendant, takes by statutory right property to the value of $700 for the pittance of a delinquent tax, and this without actual notice to the resident owner of the property.

We feel constrained to suggest for legislative considera-

tion that our statutes in relation to tax deeds in their present form belong to a former time and have served their day. They could well bear amendments, which would operate more openly, and hence more equitably. The statute as written does not require notice of expiration to be given to the owner of the property as such. It requires notice only upon the person in possession and upon the person in whose name the property is taxed. In this case the property happened to be taxed in the name of one Gardner, and had been so taxed for over forty years, although Gardner had never paid the taxes thereon nor exercised any dominion over it. He was unknown to the plaintiffs.

The order of the trial court must be *Affirmed.*