WILLIAM McCAULEY, Appellant, v. MORTON M. SALMON et al., Appellees; STATE OF IOWA et al., Interveners.

No. 46387.

June 6, 1944.

· B. J. Price, of Fort Dodge, for appellant.

Breen, Breen & McCormick, of Fort Dodge, for appellees.

John M. Rankin, Attorney General, and Edward S. White, Jr., Assistant Attorney General, for interveners.

OLIVER, J.—Defendants own and operate motorboats on the Des Moines River. Plaintiff owns riparian lands bordering said river. This is a class action, brought under section 10974, Code of Iowa, 1939, by plaintiff for himself and adjacent riparian landowners against defendants and others, alleging they operated motorboats in such manner as to cause unreasonable noise and at such high rates of speed as to create waves which damaged said riparian lands by eroding the banks above and below the highwater mark of the stream. He prayed an injunction restraining the operation of motorboats (1) with unreasonable noise and (2) at high speeds. The trial court granted the relief prayed against unreasonable noise but refused to order curtailment of the speed of the motorboats. Plaintiff alone has appealed.

The stretch of the Des Moines River here involved is near Fort Dodge. A dam seventeen feet high, constructed about 1916 and since then operated to develop power for the Fort Dodge electric plant, substantially raises the level of the river. At the

time the dam was built riparian owners were paid for the resulting damages to their lands.

This portion of the river is used largely for public recreation. It is about three hundred feet wide. In the summer season various canoes, rowboats, and motorboats are operated upon it. On the east side of the river is a municipal park. On the west side, near appellant's land, is the clubhouse of Northwest Iowa Boat Club. Its members and others have small pleasure craft, operated by inboard or outboard motors, some of which attain a maximum speed of 35 m.p.h. According to the record, the faster boats, except one six-passenger commercial boat, are of the planing type which usually create larger waves at low speeds than at higher speeds.

The boats are licensed by the State Conservation Commission, under chapter 85, Code of Iowa, 1939. Occasionally, motorboat races are conducted by the boat club. These races are in the main channel of the river, the nearest approach to the banks being about fifty or one hundred feet. The commission granted the boat club permission to conduct its races and regattas.

During the past few years the water has undermined and cut away several feet of the riparian banks at some places and undermined some trees along the bank. However, the evidence indicates the process of erosion had been in progress for a considerable number of years prior to the motorboating of which complaint is made, and was caused principally by the elements, such as current, ice jams, freezing and thawing of the water and banks, and waves driven by winds.

I. The parties agree that the Des Moines River at this place is a navigable stream. Hence, riparian owners own only to ordinary high-water mark and the whole bed of the river belongs to the state in trust for the public. Shortell v. Des Moines Electric Co., 186 Iowa 469, 172 N. W. 649. The right of the public to navigate the water is paramount. Mills & Allen v. Evans & McCutchin, 100 Iowa 712, 69 N. W. 1043; Peck v. Olsen Constr. Co., 216 Iowa 519, 245 N. W. 131, 89 A. L. R. 1132. This includes the right of fishing, boating, skating, and other sports. See Board of Park Commrs. v. Diamond Ice Co., 130 Iowa 603, 105 N. W. 203, 3 L. R. A., N. S., 1103, 8 Ann. Cas. 28. Navigable

water has been likened to a public highway. 45 C. J. 444. The shore is subject to the dangers incident to the reasonable exercise of the right of navigation, such as the wash from the reasonable propelling of vessels in the stream. 48 Am. Jur. 191. The damage which a riparian owner may sustain as a natural and unavoidable consequence of the navigation of a stream, where the same is conducted with due care and in a reasonably prudent manner, must be borne by him as a natural and consequent injury. 27 R. C. L. 1323.

The only positive statutory limitation of the speed of motorboats of the types here involved upon navigable rivers concerns unobstructed vision. Code section 1703.13 (2). No violation of said statute was shown. Nor does it appear that the operation of said boats at such speed and in such manner as to produce the waves in question was unreasonable or careless in that respect or that it constituted a wrongful invasion of the rights of the riparian landowners.

II. Appellant makes some contention that the portion of the river here involved is an artificial lake or that it should be considered subject to the provisions of Code sections 1703.16 and 1703.17, which involve boating upon artificial lakes. It is sufficient answer to say that, though the dam raised the level of the river, the character of the portion of the stream affected was not changed and it remains a river.

The trial court did not err in refusing to enjoin the operation of the motorboats at the alleged excessive rates of speed.— Affirmed.

All JUSTICES concur.