J. A. BLONDEL, Appellant, v. BEN VERLINDEN et ux., Appellees.

No. 46923.

MARCH 11, 1947.

REHEARING DENIED MAY 9, 1947.

F. W. Lohr, of Sioux City, for appellant.

C. M. Gasser, of Sioux City, for appellees.

WENNERSTRUM, C. J.—Plaintiff brought an action in equity to recover real estate which was sold for delinquent taxes. A tax deed had been issued to Woodbury county for the real estate, which was later sold to one of defendants. Plaintiff, in his petition filed November 21, 1945, asserted that the tax deed to the county was void in that there were several defects in the tax-sale proceeding. The defendants, in their pleadings, maintained that the proceeding was legal and valid, and also claimed that, by virtue of a statute of limitations as to recovery of property to which title has been obtained under tax deed, the plaintiff is

cut off from any right to question it. The trial court found for the defendants and dismissed plaintiff's petition. He has appealed.

The real estate involved consists of three lots upon which four houses have been built without regard to lot lines. The real estate was sold to Woodbury county at scavenger tax sale (sections 446.18, 446.19, 1946 Code, sections 7255, 7255.1, 1939 Code), on December 2, 1941, for taxes of 1938, 1939, 1940, and for the full amount of the general taxes, interest, and costs. Notices of expiration of the right of redemption were given and served by the county on December 2 and 3, 1942 (section 447.9, 1946 Code, section 7279, 1939 Code), and a tax deed (sections 448.1, 448.2, 1946 Code, sections 7284, 7285, 1939 Code) was issued to the county on March 18, 1943, and recorded on March 22, 1943. The county took possession of the properties and received the rents from them. On November 10, 1943, the county sold this real estate by special warranty deed to Ben Verlinden, one of the appellees, who, on April 10, 1945, filed in the office of the county recorder of Woodbury county an affidavit by tax-title holder. (Section 448.15, 1946 Code, chapter 257, section 1, Acts Forty-ninth General Assembly, chapter 223, section 1, Acts Fiftieth General Assembly; section 448.16, 1946 Code, chapter 257, section 2, Acts Forty-ninth General Assembly; section 448.17, 1946 Code, chapter 257, section 3, Acts Forty-ninth General Assembly.) Under the statutory provisions relative to the filing of such an affidavit it is provided that anyone having a claim to property adverse to the holder of title by tax deed may file a claim to the property within one hundred twenty days after the filing of the affidavit. The record shows that the appellees had made extensive improvements on the properties. Appellant, on or about September 26, 1945, and more than one hundred twenty days after the filing of the affidavit, obtained for the sum of $100 a quitclaim deed to the real estate involved in this appeal from the trustee of the estate of the party, now deceased, who owned the real estate at the time of the tax sale.

The appellant contends that there are several irregularities in the tax proceeding which invalidate the tax deed issued to

the county. The principal contentions are (1) that the tax deed to the county is void on its face in that it shows that Woodbury County, Iowa, was a competitive bidder and fails to show that there were no other bidders for the property (2) that the deed to the county shows on its face that the three separate lots were sold en masse, contrary to the mandatory provisions of the statute (3) that the service of notice of expiration of time of redemption was premature and did not cut off the right of redemption and (4) that inasmuch as the notice of expiration is defective, in that the names of all parties did not appear in all the notices as served, the tax deed is invalid and the right of redemption is not cut off.

The appellant offered to pay the amount found by the court necessary to make redemption from the tax sale and deed and demanded that an accounting of the rents and income received from the properties be made.

I. We shall first comment on the claim made by appellant that the lots were sold en masse in violation of section 446.15, 1946 Code, section 7252, 1939 Code. The evidence shows that the real estate in question contains three contiguous lots, upon which four houses have been built without regard to lot lines. We hold that the tax sale of the property was, under the record, proper and did not violate any statutory prohibition. The evidence shows that the property was used as one tract and was listed, assessed, advertised, and sold as one tract. Consequently, it was not a sale en masse.

In the case of Greer v. Wheeler, 41 Iowa 85, 88, we commented upon the question here presented. We there stated:

"The deed was not void upon its face so that it could not be supported by evidence, nor, indeed, does it show conclusively an unlawful sale, for two tracts or lots of land may be sold for taxes together where they are used and occupied as one parcel." See, also, Weaver v. Grant, 39 Iowa 294; Jordan v. Beeson, 225 Iowa 460, 280 N. W. 625.

II. The deed by which title was conveyed to the county was in the form prescribed by the statute. Section 448.2, 1946 Code, section 7285, 1939 Code. A study of the deed itself dis-

closes that the tax sale, by virtue of which the conveyance was made, was a "scavenger sale." Sections 446.18, 446.19, 1946 Code, sections 7255, 7255.1, 1939 Code. It is the contention of the appellant that the deed fails to show there were no bidders other than the county and that it affirmatively shows that the county was a competitive bidder. We hold that there is no merit to this assertion. There is no statute which requires the deed to show that the county was the only bidder.

The appellant offered no evidence to show that there had been other bidders at the sale or any competitive bidders. The appellees introduced the tax deed, which showed its recording. Where a tax deed has been introduced in evidence it is incumbent upon one who questions it to point out its invalidity. This the appellant has failed to do. Polk County v. Basham, 234 Iowa 225, 228, 12 N. W. 2d 157, and cases there cited.

It is also contended that the notice of expiration of the time of redemption was premature and did not cut off the right of redemption. The tax sale, which is the basis for the deed here questioned, was held on December 2, 1941. The property here involved was sold for the taxes due in 1938, 1939, and 1940. Unquestionably it was sold under the provisions of the "scavenger sale" law, Section 446.18, 1946 Code, section 7255, 1939 Code. The provisions of the statute were followed and we hold that the notices given were not premature. Section 447.9, 1946 Code, section 7279, 1939 Code, which relates to notice of expiration of right of redemption, provides that "after nine months from the date of a sale made under the provisions of section 446.18 [section 7255, 1939 Code], the holder of the certificate of purchase may cause to be served * * * a notice * * *." The notices were served on December 2 and 3, 1942, which was more than nine months after the date of sale. The statute was followed and there is no merit to the contention that the notices were prematurely served.

It is also claimed that the notice of expiration of right of redemption was defective in that the names of *all* the parties entitled to notice did not appear in *all* of the notices served and consequently the tax deed is invalid and the right of redemption was not cut off. It is shown that the notice of

expiration of period of redemption was addressed to and served on the party to whom the property was taxed and the party in possession, although that notice was not addressed to the mortgagees. It is also shown that the notices addressed to and served on the mortgagees were not addressed to the other parties. All the interested parties were served with notices. We hold that the statute (section 447.9, 1946 Code, section 7279, 1939 Code), was complied with and that appellant's contention as to the invalidity of the notices served is without merit.

Inasmuch as we have held that the contentions of the appellant as to claimed irregularities in the tax-sale proceeding are without merit we do not deem it necessary to consider other contentions as presented. We therefore affirm.—Affirmed.

All JUSTICES concur.