R. E. BETZ, Appellant, v. CITY OF SIOUX CITY, Appellee.

No. 47476.

(Reported in 38 N. W. 2d 628)

AUGUST 5, 1949.

Everett Waller and Fred H. Free, both of Sioux City, for appellant.

M. E. Rawlings and George F. Davis, both of Sioux City, for appellee.

WENNERSTRUM, J.—Plaintiff seeks recovery of compensation for claimed improvements made on a tract of land in Sioux City, Iowa, under the "occupying claimant" statute. He had hauled dirt and debris from building construction projects within the city and dumped it in the area adjacent to the channel of the Missouri River. As this continued made land was developed along and into the high-water area of the channel of the river. This made land constituted the improvement for which plaintiff seeks compensation. At the conclusion of all the evidence the court, on motion of defendant, directed a verdict in favor of the city holding that the plaintiff had failed to produce sufficient proof to justify the court in submitting the case to the jury on his claim of having made compensable improvements as an occupying claimant. The plaintiff has appealed from the judgment entered against him.

Issues incidental to the appellant's claim have heretofore received the attention of this court. On July 3, 1941, the district court of Woodbury county held adversely to the present appellant's claim in an action brought by the City of Sioux City to recover the possession of and the title to the real estate involved in the instant case. The question of adverse possession to the land in controversy was involved in that litigation. The issue whether the appellant in the present appeal was an occupying claimant was not raised in the prior case. This decision was affirmed in an opinion filed August 11, 1942, in an appeal to this court. City of Sioux City v. Betz, 232 Iowa 84, 4 N. W. 2d 872. On August 25, 1941, the appellant herein filed another petition asking for judgment against the appellee for compensation claimed to be due him for the improvements previously mentioned under the "occupying claimant" statute. Chapter 560, 1946 Code. A substituted petition was filed on January 22, 1946. The city filed a motion to dismiss this last referred to petition. It was sustained by the district court on April 16, 1947. The plaintiff, the appellant herein, appealed to this court from this ruling. On this appeal this court reversed the district court and

remanded the case for trial. Betz v. City of Sioux City, 239 Iowa 95, 30 N. W. 2d 778. Upon trial and after submission of evidence by both parties the court directed a verdict in favor of the appellee. The present appeal now before us resulted.

As grounds for a reversal it is claimed (1) that the appellant has made out a case and presented sufficient evidence to submit the issues involved to a jury on his claim for compensation for improvements made as an occupying claimant; (2a) the court was in error in sustaining appellee's motion for a directed verdict; (2b) the court committed error in orally commenting on the evidence and the applicable law in explaining to the jury the reasons why he was directing a verdict for the appellee. It is his claim that these comments constituted instructions which should have been in writing.

The appellant, in his amended and substituted petition, describes the property involved herein as being that portion of land lying between the east bank of Perry Creek and the west line of Water Street lying south of the rights-of-way of the Chicago, St. Paul & Pacific Railway and the Chicago & North Western Railway to the extended bank of the Missouri River. It is claimed that prior to 1928 there was only a narrow strip of dry land between said railroad rights-of-way and the channel of the Missouri River. It is appellant's contention that during the year 1928 he commenced the exclusive occupation of this land, that until his eviction by the appellee in 1942 he hauled and caused to be dumped within the area south of the railroad tracks thousands of loads of dirt and rock, and had filled this space to the level of the original river banks thereby creating several acres of river-front land. He asserts that the appellee has evicted him by reason of a claim of superior title and that the appellee-city is now in exclusive possession of the made land created by the appellant as an occupying claimant. He asserts that these made improvements are of the value of $50,000 for which he seeks recovery with interest.

The appellee-city in its amended and substituted answer denies the allegations of appellant's petition. The appellee-city further affirmatively alleged certain facts in its answer which will not be discussed in detail. However, it is one of the allega-

tions of the appellee's answer that the appellant did not occupy the land for over a period of five years since the appellee has held title and therefore he is not entitled to make any claim as an occupying claimant. It is particularly alleged by the city that the appellant made no improvements as contemplated by the statutes of Iowa relative to occupying claimants.

The applicable statutes (1946 Code) are as follows:

Section 560.1. "Where an occupant of real estate has color of title thereto and has in good faith made valuable improvements thereon, and is thereafter adjudged not to be the owner, no execution shall issue to put the owner of the land in possession of the same, after the filing of a petition as hereinafter provided, until the provisions of this chapter have been complied with."

Section 560.2. "Persons of each of the classes hereinafter enumerated shall be deemed to have color of title within the meaning of this chapter, but nothing contained herein shall be construed as giving a tenant color of title against his landlord:

"1. * * *

"2. *Occupancy for five years.* A person who has by himself or together with those under whom he claims, occupied the premises for a period of five years continuously.

"3. *Occupancy and improvements.* A person whose occupancy of the premises has been for a shorter period than five years, if during such occupancy the occupant or those under whom he claims have, with the knowledge or consent of the real owner, express or implied, made any valuable improvements thereon. * * *."

I. Under the statutory provisions heretofore enumerated an occupying claimant to successfully substantiate a claim for valuable improvements made must have (1) color of title, and (2) made valuable improvements in good faith. In Lunquest v. Ten Eyck, 40 Iowa 213, 215, we stated:

"Under the statute the right of the claimant to recover rests upon two leading facts, namely: *First,* that he has color of title; *second,* that in good faith he has made valuable improvements upon the premises. Ordinarily, to constitute 'color of title,' a paper title is requisite in the party claiming the land;

Hamilton v. Wright, 30 Iowa, 480, but our statute, after providing that the purchaser, in good faith, at any judicial or tax sale, made by the proper officer or person, has color of title within the meaning of chapter 97 of the Revision, also further provides that *'any person has such color of title who has occupied a tract of land by himself or by those under whom he claims for the term of five years * * *.'* (Revision, sections 2268, 2269.)"

See also Benton v. Dumbarton Realty Co., 161 Iowa 600, 605, 143 N. W. 586.

II. It is our conclusion that under the record here the dirt and debris dumped into the river did not constitute "valuable improvements" as contemplated by chapter 560, 1946 Code.

The evidence presented shows that he first commenced putting dirt and debris into the area in question in 1911 and occupied the ground in 1928 and continued to do so until approximately 1938 when some question arose as to the title of this made land.

The dirt and debris which appellant hauled into the area in question was the result of his contracting business. He was paid to remove it from various building projects in Sioux City. There is no proper evidence as to the amount hauled into the area. Even if we were to hold that appellant was an "occupying claimant" there is no evidence as to the number of cubic yards of dirt moved by him and the total cost thereof. The dirt did not cost him anything as the moving of it was incidental to his business.

If appellant could be termed an "occupying claimant" he could not be allowed more than the cost of the improvements to him. In Combs v. Deaton, 199 Ky. 477, 486, 251 S. W. 638, 642, it is stated:

"* * * a bona fide purchaser while acting in good faith under belief that he owns and possesses the land under a perfect title makes lasting and valuable improvements thereon may have a lien as against the true owner, not for what the improvements cost him but for the increased value that they added to the land not exceeding their cost price."

946

See also Leonard v. Williams, 220 Ky. 413, 414, 295 S. W. 408, 409; Rzeppa v. Seymour, 230 Mich. 439, 443, 203 N. W. 62, 63.

It is our conclusion that there were no valuable improvements made and if we were to hold that valuable improvements had been made, which we do not, there is no evidence of their cost.

■ III. The appellant presents as one of his grounds for reversal the contention that the comments made by the trial court at the time it directed the verdict constituted instructions to the jury and should have been in writing. Rule 196, Rules of Civil Procedure. The statements made by the court were merely explanatory of its action and did not constitute instructions as contemplated by our rule relative to instructions by a court. There is no merit to this claimed error.

Upon a review of the entire record and a consideration of the claimed errors we have concluded that the trial court properly directed a verdict for the appellee and that there is no reversible error presented.

We therefore affirm.—Affirmed.

All JUSTICES concur except MANTZ, J., not sitting.