WILLIAM F. LOHR, appellant, v. JOHN F. KERN et ux., appellees.

No. 47736.

(Reported in 44 N.W.2d 408)

OCTOBER 17, 1950.

REHEARING DENIED DECEMBER 18, 1950.

F. W. Lohr and Everett Waller, both of Sioux City, for appellant.

Shull & Marshall, of Sioux City, for appellees.

MULRONEY, J.—William F. Lohr acquired title to a parcel of realty in Sioux City, Woodbury County, Iowa, in June of 1940. On December 3, 1940, the realty was sold at tax sale to Woodbury County, Iowa, for the taxes for 1937, 1938 and 1939.

In April of 1942 notice of expiration of the right of redemption was served on Lohr and thereafter on November 12, 1942, tax deed was issued to Woodbury County. On July 8, 1946, the county sold the property to the defendants, executing a special warranty deed to them. On November 1, 1949, Lohr filed suit, attacking the validity of the tax deed to Woodbury County and praying that title to the property be quieted in him. He appeals from the trial court's decree upholding the validity of the tax deed and dismissing his petition and quieting title in defendants.

I. Plaintiff argues the tax deed is "void on its face and conveyed no title" for the reason that it failed to show that there were no other bidders for the property at the scavenger tax sale where it was sold to the county. The same contention was made by the same attorney for plaintiff about the tax deed in Blondel v. Verlinden, 238 Iowa 429, 433, 26 N.W.2d 342, 344. We there held there was no merit to this contention and pointed out that "there is no statute which requires the deed to show that the county was the only bidder."

II. The only other attack on the tax deed which we can find in the pleadings and brief of appellant is the claim that the service of the notice of expiration of the period of redemption was premature. We find no argument on the point. There is just the bare statement that the December 3, 1940 sale was not a scavenger sale under section 446.18, Code, 1950, and hence the notice of expiration of the period of redemption could not be served until after two years and nine months from the date of sale. Section 447.9, Code, 1950.

The sale of December 3, 1940 was clearly a scavenger sale, held after the property had remained unsold for the 1937 and 1938 delinquent taxes. As the statute (section 447.9) provides, the notice of the expiration of the right of redemption after a scavenger tax sale could be served after nine months from the date of the sale.

Plaintiff assails the affidavit of adverse possession filed by the county on January 11, 1945. This affidavit was filed under section 448.15, Code, 1950. The county claims nothing for this affidavit. Plaintiff also complains of the special warranties in, and the consideration for, the county's deed to defendants. We

need not consider any of these propositions. Plaintiff's title ended with the valid tax deed. What the county did with the property after it received title is of no concern to plaintiff. The decree of the trial court is affirmed.—Affirmed.

All JUSTICES concur.