47 N.W.2d 799 (1951)
ADAMS
v.
JENSEN et al.
No. 47830.
Supreme Court of Iowa.
May 8, 1951.
McCormick & McCormick and F. W. Lohr, all of Sioux City, for plaintiff-appellant.
*800 F. W. Lohr, of Sioux City, for intervenor-appellant.
Sherman W. McKinley, Jr., and Shull & Marshall, all of Sioux City, for defendant-appellee.
Robert B. Pike, of Sioux City, for defendant Woodbury County.
Robert L. Larson, Atty. Gen. and Henry W. Wormley, Asst. Atty. Gen., for defendant State Tax Commission.
MULRONEY, Justice.
Irving Jensen held the record title and possession of a parcel of realty in Woodbury County. His title derived from a purchase of the property from Woodbury County, Iowa, by deed dated January 16, 1950 and recorded in the recorder's office of Woodbury County February 9, 1950. The record of the chain of title showed Woodbury County, the grantor in the above deed, had acquired title to the entire tract by various and separate tax deeds of portions of the parcel of realty in the year 1941. After acquiring each of these tax deeds the county filed 120-day affidavits under Sections 448.15 and 448.16, Code 1950, I.C.A.the last affidavit being filed in 1946.
Edwin L. Adams brought a quieting title action against Jensen alleging he was the owner of the parcel. He alleged no conveyance to him but he assailed Woodbury County's deed to defendant as void because it was a special warranty deed, a sale for less than the total taxes (for which the property had been sold to the county), and a sale en masse.
The only evidence offered in support of plaintiff's claim of title is tax deeds to plaintiff dated 1938. The evidence showed the county went into possession when it acquired its tax deeds in 1941 and that no claims were filed in response to the 120-day affidavits.
One William F. Lohr filed a petition of intervention in the case alleging he was owner of portions of the entire tract. He did not allege the basis of his title but, like the plaintiff, merely assailed defendants' title. He was granted one continuance but when the case was next called for trial the court overruled his second motion for continuance. The trial court dismissed the petitions of plaintiff and intervenor and granted the prayer of defendant and quieted title in defendant against the other parties.
The trial court was right. One seeking to quiet title must recover if at all on the strength of his own. Todd v. Murdock, 230 Iowa 1121, 300 N.W. 284. Nothing in the record would warrant a holding that the various tax deeds to Woodbury County were invalid. These valid deeds ended any possible claim of title by plaintiff or intervenor. Lohr v. Kern, Iowa, 44 N.W.2d 408. There was no abuse of discretion in the trial court's failure to grant intervenor's second motion for continuance. The decree of the trial court is affirmed.
Affirmed.
All Justices concur.