STATE OF IOWA, appellant, v. DAKOTA COUNTY, NEBRASKA; BOARD OF COUNTY COMMISSIONERS (same county) et al., appellees.

No. 49579.

(Reported in 93 N.W.2d 595)

December 16, 1958.

Norman A. Erbe, Attorney General, C. J. Lyman, Special Assistant Attorney General, James E. Thomson, General Counsel for Iowa State Highway Commission, and A. H. Bolton, of Sioux City, for appellant.

Jesse E. Marshall, of Shull, Marshall, Mayne, Marks & Vizintos, of Sioux City, for appellees.

WENNERSTRUM, J.—Plaintiff, the State of Iowa, originally filed a petition asking specific performance of a claimed contract entered into by Dakota County, Nebraska, and the State of Iowa and therein prayed for the conveyance of a tract of land located along the Missouri River and to its low-water mark. The defendants Kerns counterclaimed and asked that title to the property in controversy be quieted in them as against the State of Iowa. The State in a reply denied title was in defendants Kerns. Upon trial the court entered a decree favorable to John F. and Nellie F. Kern and quieted title in them and dismissed plaintiff's petition. Thereafter the plaintiff filed an application for a nunc pro tunc order thus seeking to cure what it claimed was an apparent mistake of fact and law in the decree of the court. It was therein alleged the land in question is riparian land, borders on the Missouri River, a navigable stream, and title to it below the high-water mark belongs to the State of Iowa as a matter of law. The application was denied and from the decree and order as entered the plaintiff has appealed.

The plaintiff in its reply pleaded: "Defendants Kerns are not the unqualified owners of the land in dispute." It was further therein pleaded: "The State of Iowa admits there is a condemnation suit involving the land in dispute and under which the State of Iowa asks that title be determined, that compensation be paid in the event the State is not the owner of said land."

It is quite evident the pleadings filed on behalf of the State could have been drawn with more definiteness and particularity. However, it unquestionably is shown the State denied the fact

the Kerns, the defendants, were the unqualified owners of the land involved in this litigation. This fact is further evidenced by the reference to a condemnation action then pending and that the disputed land was claimed by the State. It may be true the question of the State's ownership of the land in question, by reason of a claim to the high-water mark, was not definitely so pleaded, yet despite that fact the State originally denied the ownership of the property by the Kerns, and, in substance, claimed it was the owner.

The pleadings in this case and the evidence presented disclose the State's original action was for specific performance of a contract by Dakota County, Nebraska, wherein it asked for the conveyance of a certain tract located along the Missouri River and to the low-water mark of that river. The parties named as defendants were Dakota County, Nebraska, Board of County Commissioners of Dakota County, Nebraska, Daco, Inc., John F. Kern and Nellie F. Kern. There were resolutions adopted by Dakota County, Nebraska, and the Iowa Highway Commission relative to the taking title to certain lands by the State of Iowa. These resolutions were apparently considered to be a contract and it was for the specific performance of the agreement the original action was commenced. The basis of the claimed interest of the land in question by the Kerns will be commented on later. It is evident the State's action for specific performance was or has been abandoned and the sole question is who owns the land and whether the title to it was properly quieted in the Kerns.

It was stipulated the land here in dispute is shown in certain exhibits made a part of the record and that "* * * the Missouri River as originally located under government survey is shown in broken lines just south of West First Street and the expected C. M. St. P. and P. Railway right of way." The land in question is south of West First Street and the railway right of way in Sioux City, Iowa, and the prior location of the river.

Although the record is unnecessarily abbreviated we have ascertained that what has been referred to as a combination bridge was erected over the Missouri River with the Iowa terminus abutting on the south side of West First Street. Later the then corporate owner of this bridge was unable to success-

fully carry on its operation as a toll bridge and a receiver was appointed for the company. This official sold the bridge and all the real estate owned by it. The title to the bridge, and certain lands claimed to be owned by the original bridge company, was conveyed by reason of subsequent transactions to successive companies.

Dakota County, Nebraska, was contemplating the erection of a bridge over the Missouri River, but instead, on January 8, 1938, the property in dispute was conveyed to the county along with the combination bridge and, according to the record, the conveyance included the "* * * right of way, easements, franchises, privileges and personal property and the southerly boundary of the realty * * *", which is stated in the deed as the low-water mark of the Missouri River. The bridge was operated as a toll bridge and eventually the revenue bonds issued to make possible its purchase were retired. On November 27, 1951, Dakota County, Nebraska, passed a resolution offering the interstate "Combination Bridge" to the States of Iowa and Nebraska to be operated by them as a part of their highway system. Thereafter the Iowa Highway Commission passed a resolution agreeing to accept from Dakota County, Nebraska, a certain tract of land easterly of the right of way of said bridge in the State of Iowa for the eventual use in the construction of ramps and approaches to said bridge. A deed was prepared by the attorney for the Iowa State Highway Commission. It did not describe the real estate here in dispute. However, it did describe the southerly boundary of the lands conveyed as the low-water mark of the Missouri River. This deed was executed by Dakota County, Nebraska, on December 20, 1951. On April 29, 1953, Dakota County, Nebraska, deeded the land in dispute in this cause to John F. Kern and Nellie F. Kern.

In 1950 Daco, Inc., was organized. The apparent purpose for the organization of it was to hold title to certain land which Dakota County, Nebraska, held in Iowa, it being the thought a question might arise as to the right of the Nebraska county to hold property in Iowa. This property to which Daco, Inc., took title from Dakota County, Nebraska, is not definitely shown to be the property here in controversy due to the limited state-

ments in the record, yet it can be inferred that is the fact. It is further shown the Daco, Inc., gave Dakota County, Nebraska, its agreement that the county would receive all the proceeds of the sale of the lands conveyed to it and that the corporation would deed only as directed by Dakota County, Nebraska.

It is further shown that in the several conveyances which were made by the several parties, and particularly those made by Dakota County, Nebraska, reference is made to the low-water mark. There were no pleadings filed on behalf of Dakota County, Nebraska, or its Board of Commissioners. The defendant Daco, Inc., filed a disclaimer to the land in dispute. Consequently the only defendants here concerned are John F. Kern and Nellie F. Kern.

The matter for determination is whether the State of Iowa has been divested of the title to land developed by accretion and filling south of the original Missouri River bank.

█ I. It is apparent the representatives of the State of Iowa sought to raise the question of the right to the land below the high-water mark by its application for a nunc pro tunc order. The decree in the district court was entered on February 18, 1958. The application for a nunc pro tunc order was filed on March 7, 1958, the State appealed on March 19, 1958. The trial court ruled on the application on March 25, 1958. A new issue cannot be raised in this manner. Besides, the State having appealed prior to any ruling on the application, the trial court had lost jurisdiction to rule favorably for the State if it had so desired.

██ II. The ownership of public lands cannot be determined and the title to it quieted in an individual until there is a showing such title has passed to the individual. 73 C. J. S., Public Lands, section 258, page 903, citing Fisher v. Jackson, 120 Wash. 107, 206 P. 929, which we find applicable. There is no showing in the record of the manner in which the defendants obtained their title except as they claim it was secured from Dakota County, Nebraska. The pleadings sufficiently show the State claims title to the land in controversy and there is nothing in the record disclosing in what manner the State was divested of its title. In the stipulation, to which reference previously has been made, it is stated: "* * * the Missouri River

as originally located under government survey is shown in broken lines just south of West First Street and the expected C. M. St. P. and P. Railway right of way." The broken lines on the plat to which reference is made in the stipulation show the river was just immediately south of West First Street and the railway right of way. The stipulation further shows there was accretion to the piece of land originally just south of First Street and the right of way. The right to accretion land as against the State is not referred to in the pleadings and in the briefs presented in this appeal. We cannot find in the record a sufficient showing of title on the part of the defendants to justify a decree quieting title in them. There is a further reason why the title to the land in question should not be quieted in the defendants in this present action. There is only a limited statement in the record regarding the quieting-title action in the defendants' answer and counterclaim. It merely states: "Dakota County, Nebraska, conveyed the land in dispute to the defendants Kerns on April 29, 1953, and they are entitled to decree quieting title to same as against the State of Iowa, * * *." This allegation does not meet the requirements of section 613.8, 1958 Code. It is, in part, as follows: "* * * consent of the state * * * is hereby given, to be made a party in any suit or action * * *, involving the title to real estate, * * * for the purpose of obtaining an adjudication touching * * * claim which the state may have or claim to the real estate involved. The petition in such action shall specifically allege the interest or apparent interest of the state and the specific facts upon which the claim against the state is based and it shall be legally insufficient to allege said claim in general terms."

III. It is true the deed which conveyed the interest of Dakota County, Nebraska, to the State of Iowa was prepared by the then attorney or attorneys representing the State and did not describe the land here in controversy. There is reference in the deed to the low-water mark.

There are no pleadings on the part of either the State of Iowa or the defendants, as shown by the record, bringing in issue the ownership of the land between the low-water mark and the high-water mark. However, as hereinafter noted, the State is the owner of the land below the high-water mark. We

cannot determine from the record before us where it is located except as reference has been made to the original plat showing the river to be immediately south of First Street and the railway right of way.

The fact representatives of the State in papers and resolutions made reference only to land below the low-water mark should not be determinative of the title to the land in question. Although the issue as to estoppel as far as the State is concerned is not involved in this appeal we do not deem it amiss to state mistakes of officials cannot deprive a State of its property. Weatherly v. Jackson, 123 Tex. 213, 71 S.W.2d 259, 266, and cases cited. See also State ex rel. Commrs. of Land Office v. Shull, Okla., 279 P.2d 339, 340; State ex rel. Erickson v. McLean, 62 N. M. 264, 308 P.2d 983, 989; State v. Erie R. Co., 23 N. J. Misc. 203, 42 A.2d 759, 765; State ex rel. Stephan v. Taylor, 44 Idaho 353, 256 P. 953, 955; People v. Brown, 67 Ill. 435, 438.

IV. The State of Iowa is the owner of the bed of the Missouri River from the center thereof to the high-water mark on the Iowa bank or side. Payne v. Hall, 192 Iowa 780, 783, 185 N.W. 912. The State of Iowa in its sovereign capacity holds title to the soil below the high-water mark of a navigable river in trust for navigation and commerce. Hagerla v. Mississippi River Power Co., 202 F. 776; Solomon v. City of Sioux City, 243 Iowa 634, 637, 51 N.W.2d 472; Peck v. Alfred Olsen Constr. Co., 216 Iowa 519, 530, 245 N.W. 131, 89 A. L. R. 1147, and cases cited; McCauley v. Salmon, 234 Iowa 1020, 1022, 14 N.W.2d 715.

V. The defendants must recover on the strength of their own title. Todd v. Murdock, 230 Iowa 1121, 1124, 300 N.W. 284, 285, and cases cited. And it is stated in the case last-cited: "The weakness of the claims of his adversaries cannot aid him." See also State v. Nichols, 241 Iowa 952, 970, 44 N.W.2d 49, and cases cited.

We are not convinced the defendants have sufficiently shown their title to the land in question to warrant a decree quieting title in them, at least on the record presented. Although the issue of the title to land to the high-water mark was not pleaded by the State in its reply, nevertheless it did

claim the defendant was not the owner. A claimant to land which might be shown to belong to the State of Iowa by reason of being below the high-water mark could not obtain title to it by reason of a conveyance to such claimant by parties claiming to hold title to it unless the grantors themselves held good title. The State cannot be divested of title to its land in this manner.

VI. By reason of the failure of the defendants to plead in their action to quiet title against the State, as required by statute, and their failure to support their claim to title to the land involved, as required by our holdings, the decree entered cannot be sustained. The limitations of the record as to where the course of the Missouri River was when the original plat was prepared and before accretion developed or the land now in question was filled have caused us to determine this case should be remanded for a determination of these facts on pleadings properly raising these issues. There is nothing in the present pleadings, as shown by the record, to justify a determination, at this time, whether title to the land in question is in the State. Regarding title to land developed by filling a river bed, see City of Sioux City v. Betz, 232 Iowa 84, 4 N.W.2d 872.

For the reasons heretofore stated the cause is reversed and remanded.—Reversed and remanded.

GARFIELD, C. J., and BLISS, HAYS, THOMPSON, LARSON, PETERSON, and LINNAN, JJ., concur.

OLIVER, J., dissents.