RAYMOND J. SIMEON et ux., appellees, v. CITY OF SIOUX CITY, IOWA, a Municipal Corporation, appellant.

No. 50269.

(Reported in 108 N.W.2d 506)

APRIL 4, 1961.

John E. Hutchinson, Assistant City Attorney, for appellant.

Keith A. Beekley, of Sioux City, for appellees.

GARFIELD, C. J.—This is a suit in equity by Raymond J. and Etta M. Simeon, husband and wife, contract purchasers from James B. Dillon and wife of Lot 4, Block 7, East Sioux City Addition to Sioux City, to quiet title thereto as against defendant, Sioux City. Following trial to the court there was a decree for plaintiffs from which defendant appeals.

Plaintiffs' equitable title is derived from a tax deed issued to Woodbury County, in which Sioux City lies, by the county treasurer on May 14, 1945, filed for record with the county recorder May 18, 1945, and from a special warranty deed from Woodbury County to plaintiffs' contract vendor James B. Dillon dated June 2, 1947, filed with the county recorder June 4, 1947. The contract from Mr. and Mrs. Dillon to plaintiffs was made April 23, 1956, filed for record with the recorder June 19, 1956.

On May 19, 1947, the county auditor, as authorized by the county board of supervisors, made affidavit that the tax deed to Lot 4, Block 7, East Sioux City, was issued to the county on May 14, 1945, filed for record in a certain book and page on May 18, 1945, and the county "is now in possession of such real estate and claims title to the same by virtue of such tax deed * * *.

"Any person claiming any right, title, or interest in or to such real estate adverse to the title or purported title by virtue of such tax deed referred to herein shall file a claim of the same with the county recorder wherein such real estate is located, within one hundred twenty (120) days after the filing of this affidavit, such claim to set forth the nature thereof, also the time and manner in which such interest was acquired."

This affidavit was filed pursuant to sections 448.15, 448.16, Codes 1946 and later Codes which provide:

"448.15 Affidavit by tax-title holder. After two years from the issuance and recording of a tax deed * * * by a county treasurer of this state, the then owner or holder of such title * * * may file with the county recorder of the county in which

such real estate is located an affidavit substantially in the following form: * * *.

"448.16 Claims adverse to tax title barred. When such affidavit is filed it shall be notice to all persons, and any person claiming any right, title, or interest in or to such real estate adverse to the title * * * by virtue of such tax deed * * * shall file a claim of the same with the county recorder * * * within one hundred twenty days after the filing of such affidavit, * * *.

"At the expiration of said period of one hundred twenty days, if no such claim has been filed, all persons shall thereafter be forever barred and estopped from having or claiming any right, title, or interest in such real estate adverse to the tax title * * *, and no action shall thereafter be brought to recover such real estate, and the then tax-title owner * * * shall also have acquired title to such real estate by adverse possession."

It is not claimed the auditor's affidavit here was not in the form prescribed by section 448.15 or that any adverse claim was filed as provided by 448.16.

The lot in question is part of a much larger tract known as the Sioux City dock site on the Missouri River. On December 16, 1940, the State of Iowa issued to the city, and the city filed with the county recorder, on December 23, a patent to the dock site. Four quitclaim deeds were issued to the city for land abutting that covered by the patent—one on September 28, one on December 4 and two on December 6, all in 1940. The four deeds were filed with the county recorder March 13, 1941.

Plaintiffs claim and the trial court held plaintiffs have good equitable title to Lot 4, Block 7, under the tax deed to the county, the special warranty deed from it to plaintiffs' vendor and the contract from him and his wife to plaintiffs. Plaintiffs also claim and the court likewise held Woodbury County, plaintiffs' predecessor in title, acquired title by adverse possession by filing the 120-day affidavit under sections 448.15, 448.16, and the failure of defendant or anyone else to file an adverse claim to the lot.

Defendant-city claims it owns the lot either under the patent from the state or the quitclaim deeds from adjoining owners. We understand it is contended the deeds conveyed title on the theory Lot 4 is land which was attached by accre-

tion to that conveyed in one of the deeds. The evidence, however, is wholly silent on this question of accretion. The city's argument is that under section 427.1(2), Code, 1946, Lot 4 was exempt from taxation, as city property devoted to public use and not held for profit, for the years referred to in the tax deed (1940, 1941 and 1942) to Woodbury County. In any event, the city says the patent and quitclaim deeds gave notice the city claimed an interest in the lot and it should have been notified of the county's intention to sell it at tax sale.

I. It is well settled that a plaintiff seeking to quiet title must recover, if at all, on the strength of his own title, not on the weakness of the claims of his adversaries. Todd v. Murdock, 230 Iowa 1121, 1124, 300 N.W. 284, 285, 286, and citations; Adams v. Jensen, Iowa, 47 N.W.2d 799, 800; State v. Dakota County, Nebraska, 250 Iowa 318, 325, 93 N.W.2d 595, 599, 600.

II. However, plaintiffs as the successors in title to Woodbury County, grantee in the tax deed, have the benefit of certain statutory presumptions. Sections 448.4, 448.5, Code, 1946 (sections 7287, 7288, Code, 1939), provide:

"448.4 Presumptive evidence. The deed shall be presumptive evidence in all the courts of this state in all controversies and actions in relation to the rights of the purchaser, his heirs or assigns, to the land thereby conveyed, of the following facts:

"1. That the real property conveyed was subject to taxation for the year or years stated in the deed.

"2. That the taxes were not paid at any time before the sale.

"3. That the real property conveyed had not been redeemed from the sale at the date of the deed.

"4. That the property had been listed and assessed.

"5. That the taxes were levied according to law.

"6. That the property was duly advertised for sale.

"7. That the property was sold for taxes as stated in the deed.

"448.5 Conclusive evidence. The deed shall be conclusive evidence of the following facts:

"1. That the manner in which the listing, assessment, levy, notice and sale were conducted was in all respects as the law directed.

"2. That the grantee named in the deed was the purchaser.

"3. That all the prerequisites of the law were complied with by all the officers who had, or whose duty it was to have had, any part or action in any transaction relating to or affecting the title conveyed or purporting to be conveyed by the deed, from the listing and valuation of the property up to the execution of the deed, both inclusive, and that all things whatsoever required by law to make a good and valid sale and to vest the title in the purchaser were done, except in regard to the points named in section 448.4 wherein the deed shall be presumptive evidence only."

■■ Under section 448.4 the tax deed to the county was presumptive evidence the lot in question was subject to taxation for the years 1940-41-42 stated in the tax deed. The trial court held and we agree such presumptive evidence has not been overcome. Issuance of the patent to the city in December 1940 clearly would not render the lot exempt from taxation for 1940 under section 427.1(2) as property of a city devoted to public use. The city has not argued or suggested the lot was exempt from taxation for 1940 under 427.1(1) as property of the state.

There is evidence other than the presumptive evidence of the tax deed that the lot was subject to taxation for the three years stated in the deed. It is shown the lot was taxed from 1892 to the time of trial in 1960. It is plain that if title to the lot were in the state down to the issuance of the patent to the city it would be tax exempt as state property during such period. So far as shown no such claim has been made. It also appears the plat book in the county auditor's office shows James B. Dillon, plaintiffs' contract vendor, as titleholder of Block 7 and other blocks. Plaintiffs have paid taxes on the lot since they purchased it in 1956.

■ Against an adverse claimant a patent from the state is not conclusive that it owned the land at the time thereof. It is permissible to show it did not. Bigelow v. Herrink, 200 Iowa 830, 834, 205 N.W. 531; Solomon v. Sioux City, 243 Iowa 634, 640, 51 N.W.2d 472, 476; St. Louis Smelting etc. Co. v. Kemp, 104 U. S. 636, 641, 26 L. Ed. 875, 877. See also Sioux City v. Betz, 232 Iowa 84, 4 N.W.2d 872.

The state seems to have issued this patent to the city for the land therein described on the theory it was located between the thread of the Missouri River and its high-water mark. Yet it was stipulated upon the trial the lot in question was "not in the river", which we understand to mean not below the high-water mark. The city concedes in argument that until 1932, when a high-water mark was established, the lot was owned by the party in whose name it was taxed. As stated, the record is silent on the question of accretion, and likewise as to any change in the channel of the river, which would change ownership of the lot from the party in whose name it was taxed.

■ There is no merit to the city's contention it should have been notified of the county's intention to sell the lot at tax sale. As stated, the tax deed was presumptive evidence under section 448.4(6) that the lot was duly advertised for sale. There is no evidence to the contrary. Notice of expiration of right of redemption from the tax sale was duly served upon the party in whose name the lot was taxed, as required by Code section 447.9. There is no evidence anyone else was in possession or entitled to such notice as a possessor. See in this connection Reynolds v. Western Securities Co., 159 Iowa 228, 140 N.W. 371, and citation; Stoddard v. Sloan, 65 Iowa 680, 681, 22 N.W. 924.

■ III. We think plaintiffs are also entitled to an affirmance on the ground any claim of the city to Lot 4 is barred by sections 448.15, 448.16 heretofore quoted.

Swanson v. Pontralo, 238 Iowa 693, 27 N.W.2d 21, holds these sections are valid statutes of limitations against claims, based on jurisdictional defects in tax sales, of a party not in possession of the property where a 120-day affidavit is filed by one in possession under a recorded tax deed. The affidavit there, as here, was filed by the Woodbury county auditor and, also as here, the county made a special warranty deed to the property. This holding is confirmed in Patterson v. May, 239 Iowa 602, 613, 29 N.W.2d 547, 553. See also Adams v. Jensen, Iowa, 47 N.W.2d 799, where Woodbury County likewise filed affidavits under 448.15, 448.16 after acquiring tax deeds.

■ The Iowa Land Title Examination Standards adopted

by the Iowa State Bar Association, Third Edition (page 56), contains this standard, 10.2, regarding sections 448.15, 448.16:

"These sections constitute a valid statute of limitations, and, when complied with, bar all claims based upon defects in a tax deed, excepting claims owned by a state or the United States of America. As a prerequisite to reliance upon these statutes, for the purpose of title examination, it is necessary only to require that the abstract show the recording of an affidavit as provided in Section 448.15 and that no claims have been filed thereunder within one hundred twenty (120) days after the filing of such affidavit."

We have said we are disposed to give serious consideration to these title standards. Tesdell v. Hanes, 248 Iowa 742, 750, 82 N.W.2d 119, 124.

Since the affidavit contemplated by 448.15 was filed and no claim against Lot 4 was filed within 120 days thereafter, according to section 448.16 the city was "forever barred and estopped from having or claiming any right, title, or interest in such real estate adverse to the tax title * * * and the then tax-title owner * * * shall also have acquired title to such real estate by adverse possession."

It is not contended sections 448.15, 448.16 do not effectively bar claims of a city as well as those of a natural person. While 448.16 refers to claims of all "persons", the word includes bodies corporate. Code section 4.1(13).—Affirmed.

All JUSTICES concur except BLISS, J., who takes no part.