Boyd McCauley, petitioner, v. Municipal Court of City of Des Moines and Judge Harry B. Grund, respondents.

No. 50946.

(Reported in 121 N.W.2d 96)

April 9, 1963.

Wilson, Maley & Stamatelos, of West Des Moines, for petitioner.

Swift & Christianson, of Des Moines, for respondents.

Peterson, J.—At May 1962 Term of Municipal Court of Des Moines, Boyd McCauley secured a judgment against Milo Frazier et al. for $960.64. Notice of appeal to this court was

1346

timely filed. Motion for new trial and motion for judgment notwithstanding verdict were overruled by the trial court.

Defendant ordered the transcript but the reporter never furnished it. She claims she did, but the record clearly shows she did not. The record, therefore, was never filed in this court.

After many months the trial court suggested to defendants' counsel that they file a motion to reconsider the motion for new trial. Such motion was filed, same was sustained, and new trial granted.

Plaintiff promptly filed the petition under consideration here, for writ of certiorari, alleging the trial court had exceeded its authority, and had no jurisdiction to reconsider the motion for new trial. He contended the only court having any jurisdiction after notice of appeal was filed was this court.

Defendants filed resistance contending the trial court had a right, and in fact a duty, to see that the record was completed in the trial court for appeal to this court.

There are two questions herein: 1. Had the trial court lost jurisdiction, and was it solely lodged in this court? 2. Did the granting of a new trial form a basis for creating a proper record to satisfy the appeal to this court?

 I. It is well settled and established that when a notice of appeal is given, the trial court loses jurisdiction and it immediately becomes lodged in this court. No principle of law has been more clearly defined. State of Iowa v. Dakota County, Neb., 250 Iowa 318, 323, 93 N.W.2d 595, 598; Tucker v. Heaverlo, 249 Iowa 197, 86 N.W.2d 353, 360; Scheffers v. Scheffers, 241 Iowa 1217, 1227, 44 N.W.2d 676, 681; Wernet v. Jurgensen, 241 Iowa 833, 836, 43 N.W.2d 194, 197; Pilkington v. Potwin, 163 Iowa 86, 144 N.W. 39.

We have said in following cases: In State of Iowa v. Dakota County, Neb., supra, decree was entered February 18, 1958. State appealed March 19, 1958. Application for nunc pro tunc order was filed. Ruling on application was made March 25, 1958. This court said: "A new issue cannot be raised * * *. Besides, the State having appealed prior to any ruling on the application, the trial court had lost jurisdiction to rule favorably for the State if it had so desired."

In Scheffers v. Scheffers, supra: "However, the present rule in this state and generally seems to be that after appeal in a divorce * * * case the trial court has no further jurisdiction over the controversy until some part thereof is remanded for further action. * * *."

In Wernet v. Jurgensen, supra: "In the case at bar the later order was made after appeal. The trial court could not then amend the original order as to matters of substance."

Quashing of the writ in this case would fly in the face of the holding in dozens of our cases. This is also the definite trend in the nation.

We cannot spell out to defendants what pathway they could have followed to establish a record in their appeal. As far as the record discloses defendants made no effort along this line. We referred to a similar situation in Hoovler v. Wolfe, 245 Iowa 1302, 1307, 66 N.W.2d 486. This case involves the inability of one party to secure the transcript. The question involved was a desire for a new trial in view of such loss of transcript. Upon denial of such request we said: "There is nothing in the submitted record to indicate that the defendant W. C. Horn made any application for the retaking of the evidence or sought in any way to obtain an agreement from the other parties relative to what the record is. We do not here comment on whether such procedure could be followed but at least the appealing defendant made no effort to comply with the suggestion made by the trial court."

The principle is not only established in Iowa, but in all jurisdictions having appeal statutes similar to ours: 4 Am. Jur.2d, Appeal and Error, section 352; Louisville & Nashville R. Co. v. Paul's Admr., 314 Ky. 473, 235 S.W.2d 787; Lerner v. Superior Court, 38 Cal.2d 676, 242 P.2d 321; Sullivan v. Cloud, 62 Ohio App. 462, 464, 24 N.E.2d 625, 626; Ackel v. Ackel, 57 Ariz. 14, 110 P.2d 238, 133 A. L. R. 549.

In Sullivan v. Cloud, supra, the court said: "The action of the trial court setting aside the judgment was subsequent to the filing of the notice of appeal. * * * The notice of appeal removed the entire case to the Court of Appeals, * * *. The

trial court, by the appeal, loses all power to do anything in the case."

Pike v. Pike, 24 Wash.2d 735, 738, 167 P.2d 401, 402, 163 A. L. R. 1314, 1316, states: "It is the rule in this state that after appeal has been perfected, the trial court loses all jurisdiction of the matters concerned in the case except those provided for in the law relating to appeals."

State v. Ashworth, 346 Mo. 869, 875, 143 S.W.2d 279, 282, held: "In the first place, the pendency of the case in this court on writ of error operated to divest the trial court of jurisdiction, and transferred the same to this court."

In Edmonds v. Delta Democrat Pub. Co., 221 Miss. 785, 787, 75 So.2d 73, 74, the court said: "The circuit court had no jurisdiction, and all proceedings in the circuit court since appellant perfected his original appeal amount to a nullity."

4 Am. Jur.2d, Appeal and Error, supra, states: "The general rule is that an appeal or writ of error, when duly perfected, divests the trial court of jurisdiction of the cause and transfers such jurisdiction to the appellate court. * * * Having lost jurisdiction pending an appeal, the lower court may not proceed with the trial * * * *or entertain a bill to review the judgment."* (Italics ours.)

II. While the above observations establish our position in the case, we desire to consider briefly the fact that the action of the trial court in granting a new trial cannot supply for defendants a correct or satisfactory record as to the appeal. Whether the evidence produced in a new trial, and whether the result would be the same is not known. In other words, could the proceedings in trial No. 2 produce a proper record for this court in an appeal as to case No. 1? We think not.

The writ of certiorari is sustained and the trial court is ordered to cancel the order for new trial and reinstate the judgment against defendants; based on the verdict of the jury. —Writ sustained.

All JUSTICES concur.